Name  Antonio F. Silveyra

Address  ICE Detention Center

1115 N. Imperial Avenue

El Centro, CA 92243

CDC or ID Number  F08955 or A# 18-499-789

```
FILED
JAN - 2 2008
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
by          Y          DEPUTY
```

```
2254        1983
FILING FEE PAID
Yes          No  ✓
IFP MOTION FILED
Yes          No  ✓
COPIES SENT TO
Court ✓      ProSe
```

United States District Court

County of San Diego

*(Court)*

| Antonio F. Silveyra | PETITION FOR WRIT OF HABEAS CORPUS |
|---|---|
| Petitioner | '08 CV 0018 H NLS |
| vs. | No. |
| People of the State of California | *(To be supplied by the Clerk of the Court)* |
| Respondent | |

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

**This petition concerns:**

[x] A conviction                          [ ] Parole

[ ] A sentence                            [ ] Credits

[ ] Jail or prison conditions             [ ] Prison discipline

[x] Other *(specify):*  INS Removal Proceedings resulting from conviction

1. Your name:  Antonio Fabian Silveyra

2. Where are you incarcerated?  ICE Detention Center, 1115 N. Imperial Ave., El Centro, CA 92243

3. Why are you in custody?  [x] Criminal Conviction    [ ] Civil Commitment

    *Answer subdivisions a. through i. to the best of your ability.*

    a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

    According to federal authorities my conviction for possession of a stolen vehicle is an aggravated felony

    if the person receives a sentence of one year or more. As a result I am facing deportation proceedings.

    b. Penal or other code sections:  496d

    c. Name and location of sentencing or committing court:  Marin County Superior Court 3501 Civic Center Drive,

    San Rafael, CA 94903

    d. Case number:  SC143914A

    e. Date convicted or committed:  December 16, 2005

    f. Date sentenced:  November 22, 2005

    g. Length of sentence:  3 years

    h. When do you expect to be released?  5/11/07 from CDC State Custody, picked up by ICE/INS 5/11/07 and detained.

    i. Were you represented by counsel in the trial court?  [x] Yes.    [ ] No.  If yes, state the attorney's name and address:

    Michael A. Coffino, Office of the Public Defender 3501 Civic Center Drive, Room 139, San RAfael, CA 94903

4. What was the LAST plea you entered? *(check one).*

    [ ] Not guilty   [x] Guilty   [ ] Nolo Contendere   [ ] Other:

5. If you pleaded not guilty, what kind of trial did you have?

    [ ] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

INEFFECTIVE ASSISTANCE OF COUNSEL: FAILURE TO INVESTIGATE AND ADVISE ME OF

THE EXACT IMMIGRATION CONSEQUENCES THAT WOULD FLOW FROM CONVICTION

IN VIOLATION OF U.S.C.S 6, and CAL. CONST. ART.1, SEC.15.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at *what time (when)* or *place (where).* *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

PLEASE SEE ATTACHED PAGES

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

PEOPLE V. SORIANO, (1987)194 Cal.App.3d 1470;  Strickland v. Washington

(1984) 466 U.S. 668; People v. Farley(1979) 90 Cal.App.3d 851; In re: Resendiz

(2001) 25 Cal.4th 876;People v. Pope (1979) 23 Cal.3d 412,590 P.2d 859;Lockhart v.

Fretwell(1993) 506 U.S. 364; Hill v. Lockhart (1985) 474 U.S. 52,59.

8. Did you appeal from the conviction, sentence, or commitment? [X] Yes. [ ] No.   If yes, give the following information:
  a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
     Court of Appeal for the 1st District

  b. Result: Argument that sentence was abuse of discretion rejected.   c. Date of decision: July, 2006

  d. Case number or citation of opinion, if known: ___A112476___

  e. Issues raised:  (1) The trial judge abused his discretion when he imposed upper term.

     (2)  The SENTENCE was appealed. The CONVICTION WAS NOT CHALLENGED.

     (3)  I was seeking the middle term, but the Court affirmed trial courts sentence.

  f. Were you represented by counsel on appeal? [X] Yes. [ ] No.   If yes, state the attorney's name and address, if known:

     Alan Siraco; Staff Attorney, First District Appellate Project, 730 Harrison St. San Francisco, CA 94107

9. Did you seek review in the California Supreme Court? [ ] Yes. [X] No.   If yes, give the following information:

  a. Result: _____   b. Date of decision: _____

  c. Case number or citation of opinion, if known: _____

  d. Issues raised:  (1) _____

     (2) _____

     (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal,
    explain why the claim was not made on appeal:
    I just recently became aware of the legal grounds on which to seek relief, when former counsel:Michael Coffino

    of the Marin County Public Defenders Office so informed me.

11. Administrative Review:
  a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust
     administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975)
     52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such
     review:
     Upon my arrival to INS Detention I sought out the folling remedies: 1) Application for Cancellation of Removal;

     2) Petition for Prosecutorial Discretion filed with the INS Field Director in SAn Diego, CA.; 3)Change of Venue

     to San Francisco to better address the crimal conviction by having easier access to records in that case; 4)Request

     for bond in order to mount a defense of the immigration and criminal charges from the street. All of the above have

     been summarily denied. I have a final merits hearing on January 9, 2007. I am at the mercy of the court. At that

     time I will be able to present my merits, witnessess and my success plan if released. I urgently, request the

     issuance of the foregoing Petition for Writ of Habeas Corpus as the immigration court lacking discretion will

     certainly deport me and exclude me forever based on the current statute regarding this case.

  b. Did you seek the highest level of administrative review available? [X] Yes. [ ] No.
     *Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 1999]          PETITION FOR WRIT OF HABEAS CORPUS                    Page five of six

7. **Ground 2** or **Ground** _____ *(if applicable):*

UNLAWFUL ARREST,SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT

OF THE UNITED STATES CONSTITUTION.

a.  Supporting facts:

PLEASE SEE ATTACHED PAGES

b.  Supporting cases, rules, or other authority:

People v. Woods (1999) 21 Cal.4th 668, 674; quoting Katz v. U.S. (1967) 389 U.S. 347,

357; People v. Smith(2002) 95 Cal.App.4th 283; People v. Williams(1999) 20 Cal.4th 119

People v. Souza(1994) 9 Cal. 4th 224,229; People v. Lusardi(1991) 228 Cal.App.Supp.1,5

Florida v. Royer(1983) 460 U.S. 491,500;People v. Davis (1981) 29 Cal.3d 814, 821fn.3

People v. Campbell(1981)118 Cal.App.3d 588,596;WongSun v. U.S.(1963)371 US 471;Terry v

Ohio(1968) 392 U.S. 1; People v. Gentry (1992) 7 Cal.App. 1255,1268;People v. Zolnay

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [X] Yes. If yes, continue with number 13. [ ] No. If no, skip to number 15.

13. a. (1) Name of court: Superior Court of California County of Marin

(2) Nature of proceeding (for example, "habeas corpus petition"): habeas corpus petition

(3) Issues raised: (a) Ineffective Assistance of Counsel

(b) Unlawful Arrest, Search, Seizure

(4) Result (Attach order or explain why unavailable): Petition was filed in the wrong venue & court

(5) Date of decision: December 18, 2007

b. (1) Name of court: _____

(2) Nature of proceeding: _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____

(5) Date of decision: _____

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) I only recently became aware of existing legal grounds, and the proper court of which to file.

16. Are you presently represented by counsel? [ ] Yes. [X] No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? [ ] Yes. [X] No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court: Ineffective Assistance of Counsel claim lies in the District Courts. I am requesting evidentiary hearing.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 12/24/07

(SIGNATURE OF PETITIONER)

## PROOF, OF SERVICE BY MAIL
## BY PERSON IN U.S. INS CUSTODY
### (Fed. R. Civ. P. 5; U.S.C § 1746)


I, Antonio F. SILVEYRA-Garcia declare:

I am over 18 years of age and a party to this action.  I am a resident of D.H.S  & B.I.C.E. FACILITY in the County of IMPERIAL, STATE OF CALIFORNIA.

My address is: 1115 N. IMPERIAL AVENUE EL CENTRO, CALIFORNIA 92243.

ON December 27, 2007 I served the attached,

**Petition For Writ of Habeas Corpus**
**Declaration of Antonio F. Silveyra in Support of**
**Petition For Writ of Habeas Corpus;**
**Exhibits in Support.**

On the parties herein by U.S. Mail delivering a true and correct copies thereof, at the

address set for Service:

| | |
|---|---|
| United States District Court | Attorney General |
| County of San Diego | Department of Justice |
| 880 Front Street | Attn: Anya Binsacca |
| San Diego, CA 92101 | Correctional law Section |
| | 455 Golden Gate Avenue, 12th FL. |
| | San Francisco, CA 94102 |

I declare under penalty of perjury under the laws of the United States of America that the Forgoing is true and correct.

Executed on <u>December 27, 2007.</u>

**Respectfully Submitted**

Antonio F. SILVEYRA
A# 18-499-789
DHS / ICE / SPC.
1115 N. Imperial Avenue
El Centro, CA 92243
IN PRO SE

# ATTACHMENT (1)

ATTACHMENT 1

Name: Antonio F. Silveyra ICE # A18499789, United States District Court County of San Diego. Supporting Facts
Attachments to Petition for Writ of Habeas Corpus re: Marin County Superior Court Case No: SC-14394A

## SUPPORTING FACTS

On October 1, 2005 in the city of San Anselmo, I was observed by a police vehicle while standing in the roadway on Ross Avenue near the intersection of Cedar St. I had just come from placing recyclables in the trunk of my friends' car, and was returning the car keys to her. I stepped out into the roadway to see exactly where she was as she was recycling down Ross Avenue but notice the police vehicle approaching instead. The street was full of parked cars. It was a cold early morning and I had on my **white** sweatshirt with the hood over my head and a large **white** recycling bag and shoulder bag. I withdrew to the sidewalk, and stood next to the rear of the vehicle parked on the corner. As the patrol car got within 20 yards of where I was standing, I crouched down in an effort to allow the patrol car to just "pass by" so I could continue to recycle without any hassles. I was unaware of the San Anselmo city ordinances regarding recycling and did not want to get into trouble.

The patrol vehicle then stopped and the officer got out and approached me with his taser drawn. I was ordered to lie face down of the ground. When the officer questioned me regarding my activities I informed him that I was recycling. I asked him, "what was going on?" The officer then (referring to the black bag) replied, "what's in the bag?" I told him some CD's. He kept me lying on the ground for over 10 minutes until another officer arrived to place me in handcuffs. I was then turned over so that I was sitting on the sidewalk.

I was **not** in the commission of a felony nor were my actions sufficient to justify a reasonable suspicion that criminal activity was taking place and that I was involved. I was told that I was being detained due to recent rash of thefts from unlocked cars in the area. I had **not** broken into any vehicles nor was there any weapons or contraband apparent. Despite the fact that I crouched down when the officer approached my location, there was **no sign of forced entry of any vehicles in the area nor was there a report of a burglary or other crime.**

After I was handcuffed and turned over, I was pat searched for weapons. The officer felt my cell phone in my front pocket. I told him "it's just my cell.' He **reached into my pocket** and retrieved the phone. I was then questioned again about my activities in the neighborhood and I replied, "I am collecting recyclables." When he questioned me about my identity, I initially gave the officer the name of my cousin Domingo Garcia of whom I resided with because I was scared. I later gave the officer my true identity and CDL information.

The officer then turned his attention to the leather bag and pulled the handles open and looked inside. He noticed several items and began quizzing me. When he discovered some misc. cards and papers with different names, car keys and a flashlight with a name and number on it, I was arrested for suspected possession of stolen property.

On October 11, 2005, a 2000 Subaru vehicle was found stolen in San Anselmo. Upon processing of the vehicle recycling was discovered along with a receipt for

recycling bearing my name. Possession of a stolen vehicle was then added to the charges against me.

The counts against me were as follows: 1) Burglary of a vehicle in violation of Penal Code 459; 2) Receiving stolen property in violation of Penal Code 496(a); 3) False Personation in violation of Penal Code 529(3); 4) Receiving a stolen vehicle in violation of Penal Code 496d(a); 5) Giving false information to a peace officer in violation of Penal Code 148.9(a).

An attorney for the Marin County Public Defenders Office was appointed to represent me. Pursuant to a settlement offer I made my guilty plea on November 22, 2005. I plead guilty to count 4: possession of a stolen vehicle. In return, the District Attorney dropped the other charges in my case. The settlement offer appealed to me because I was under the impression that the Judge would be following the recommendation of the probation report and sentence me to 6 months in the county jail. My legal status in the United States was never discussed during the negotiations of the plea. At sentencing, the Judge deviated from the recommendation denied probation and imposed the upper term.

Upon my arrival to prison I filed for an appeal from the **sentence** on the grounds of abuse of discretion. I argued that the upper term was excessive and petitioned the Court of Appeal for the 1st District to lower the sentence to the middle term. The conviction was not challenged. The Court affirmed the trial court **sentence** in July 2006.

Since immigration consequences where never discussed between defense counsel and myself, I was unaware of the serious immigration consequences that the judge was talking about regarding the immigration implications of the plea, I did not believe that I faced a possibility of deportation, exclusion or denial of naturalization as a result of the conviction. On the contrary, I simply regarded the trial judge's questioning as a routine part of the sentencing phase, and just wanted to begin serving my term in order to get back to my family, educational pursuits and career as soon as possible. I only became aware of the reality of deportation when an ICE/INS agent visited me in prison - shortly before my release date. He indicated that I would be picked up from prison because I faced mandatory detention, and that I would be deported as a result of my conviction.

I was deprived of effective counsel when my defense attorney failed to act in a manner expected of a reasonably competent attorney acting as a diligent advocate, and it is reasonably probable that a determination more favorable to me would have resulted if counsel had been effective. The defense counsel failed in his requirement to investigate the immigration consequences before entering a plea. The true actual immigration consequences of the plea, of which I was never informed prior to plea, were that the plea would **force** the INS to strip away my lawful permanent resident status forever, and I would **certainly** be deported away from my children, family, friends, home of more than 30 years, employment, and educational opportunity - **never to return**. At the time of the plea in this case, the defense attorney failed to give me the proper advice of those consequences. Therefore I did not enter the plea knowingly and intelligently, and there is

Name: Antonio F. Silveyra ICE # A18499789, United States District Court County of San Diego. Supporting Facts
Attachments to Petition for Writ of Habeas Corpus re: Marin County Superior Court Case No: SC-14394A

a reasonable probability that I would have chosen to go to trial rather than accept the plea.

Moreover, defense counsel **did not** at any time discuss my legal residency status in the United States. On the contrary, defense counsel had no idea I was not a citizen until he was notified by me that I was in ICE/INS custody. He then wrote several letters to me alluding to the fact that he indeed allowed me to plead to a charge that would **certainly** deport me and bar me from **ever returning** to the United States. It is clear in the nature and tone of the correspondence between counsel and myself that he failed to research the certain immigration consequences of the plea and only did so **after** I was in INS custody and in removal proceedings and had requested him to do so.

Under these circumstances, an equivalent disposition could no doubt have been found, allowing the court to grant sufficient punishment yet avoiding deportation. One example is a plea to **Count One** of the 3rd Amended Complaint: **Burglary of a Vehicle**, I would not have been subject to deportation, as it does not qualify as an aggravated felony.

I have served my time, paid my debt to society, and have with due diligence created an exit plan that will allow me the best chance at success as I transition back into society. I have 10 years of experience in the legal field, have an opportunity to complete my college education at San Francisco State University, an opportunity to change my life through Teen Challenge's Discipleship program and have the support of the community and family.

Ineffective Assistance of Counsel occurred when counsel rendered ineffective assistance by failing to adequately research the immigration consequences of a guilty plea by defendant in violation of the 6th Amendment to the U.S. Constitution and California Constitution Article 1, §15. The Unlawful Arrest, Unlawful Search and Seizure grounds are in response to the actions of the San Anselmo Police Department in violation of the Fourth Amendment to the U.S. Constitution. I pray the Court to consider my Petition for Writ of Habeas Corpus, vacate the judgment of conviction and remand to the trial court to allow me to withdraw my guilty plea.

# ATTACHMENT (2)

ATTACHMENT 2

FILED

DEC 1 8 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: M. Murphy, Deputy

1

2

3

4

5

6

7

8               SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF MARIN

10  In re ANTONIO FABIAN SILVEYRA,          )
                                            )   Case No.  SC 156870 A
11           Petitioner,                    )
                                            )   **ORDER DENYING PETITION FOR**
12                                          )   **WRIT OF HABEAS CORPUS**
                                            )
13  _____)

14          Petitioner was sentenced to the Department of Corrections as a result of a felony

15  conviction in the County of Marin.  He appealed the conviction and the conviction was affirmed.

16  An immigration hold was placed upon him, and upon the completion of his term in the state

17  prison, he was taken into custody by federal authorities.

18          Petitioner is currently housed in the ICE Detention Center, 1115 N. Imperial Avenue, El

19  Centro, CA 92243.  This facility is in the County of San Diego.

20          Since Petitioner is in federal custody in a county other than the County of Marin, this

21  Petition for Writ of Habeas Corpus was filed in the wrong venue and in the wrong court.  For

22  that reason, the Petition is denied.

23  Dated:  December 18, 2007

24

25                                      JUDGE OF THE SUPERIOR COURT

26

27

28

_____
                ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS – PAGE 1

STATE OF CALIFORNIA )
COUNTY OF MARIN       )

IN RE: **ANTONIO FABIAN SILVEYRA**

ACTION NO.: **SC156870A**

(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.)

I AM AN EMPLOYEE OF THE SUPERIOR COURT OF MARIN; I AM OVER THE
AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-
ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF
JUSTICE, SAN RAFAEL, CA 94903. ON **December 18, 2007** I SERVED THE
WITHIN *ORDER DENYING PETITION WRIT OF HABEAS CORPUS* IN SAID
ACTION TO ALL INTERESTED PARTIES, BY PLACING A TRUE COPY
THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON
FULLY PREPAID, IN THE UNITED STATES POST OFFICE MAIL BOX AT SAN
RAFAEL, CA ADDRESSED AS FOLLOWS:

| | |
|---|---|
| *ANTONIO FABIAN SILVEYRA*<br>*CDC#: F-08955*<br>*ICE DETENTION CENTER*<br>*1115 N. IMPERIAL AVENUE*<br>*EL CENTRO, CA 92243* | *WARDEN*<br>*ICE DETENTION CENTER*<br>*1115 N. IMPERIAL AVENUE*<br>*EL CENTRO, CA 92243* |
| | *ATTORNEY GENERAL*<br>*DEPARTMENT OF JUSTICE*<br>*ATTN: ANYA BINSACCA*<br>*CORRECTIONAL LAW SECTION*<br>*455 GOLDEN GATE AVENUE, 12TH FL.*<br>*SAN FRANCISCO, CA 94102* |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF
THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATE: 12/18/07   *M Murphy*