Name Antonio Fabian Silveyra A# 18-499-789, Detained at ICE–El Centro Detention Facility 1115 North Imperial Ave. El Centro, Cal. 92243-1739. Declaration of Antonio F. Silveyra in Support for Petition for Writ of Habeas Corpus, Exhibits in Support re: Marin County Superior Court Case No: SC-143914A

1  ANTONIO FABIAN SILVEYRA
2  A#18-499-789 Detained
3  ICE DETENTION CENTER
4  1115 N. Imperial Avenue
5  El Centro, CA 92243
6  **IN PRO SE**
7

8  ## IN THE UNITED STATES DISTRICT COURT
9  ## COUNTY OF SAN DIEGO
10
11
12                                              IN THE MATTER OF:
13
14  ANTONIO F. SILVEYRA                         Case No. <u>SC-143914A</u>
15
16       PETITIONER,
17
18       vs.                                    **DECLARATION OF**
19
20                                              **ANTONIO F. SILVEYRA**
21  PEOPLE OF THE STATE OF CALIFORNIA
22                                              **IN SUPPORT FOR PETITION FOR**
23       RESPONDENT.
24                                              **WRIT OF HABEAS CORPUS;**
25
26                                              **EXHIBITS IN SUPPORT**

27       TO THE CLERK OF THE ABOVE –ENTITLED COURT:
28
29       I ANTONIO F. SILVEYRA the petitioner in this action declare under the penalty of perjury under the
30  laws of the State of California that the foregoing statements are true and correct, except in matters that are
31  stated on my information and belief, and as those matters, I believe them to be true.
32
33                        ## STATEMENT OF FACTS
34
35       I ANTONIO F. SILVEYRA am moving this court for an issuance of writ of habeas corpus in order to
36  have an evidentiary hearing on my conviction of November 22, 2005, for felony violation of Penal Code §

Name Antonio Fabian Silveyra A# 18-499-789, Detained at ICE–El Centro Detention Facility 1115 North Imperial Ave. El Centro, Cal. 92243-1739. Declaration of Antonio F. Silveyra in Support for Petition for Writ of Habeas Corpus, Exhibits in Support re: Marin County Superior Court Case No: SC-143914A

1   496(d), possession of stolen vehicle, on the ground of **Ineffective Assistance of Counsel** in violation of the

2   6th Amendment to the United States Constitution and Article I, Section 15 of the California Constitution.

3        Also, the legality of my conviction is at issue. I was unlawfully detained, unlawfully searched and

4   unlawfully arrested in violation of my rights under the Fourth Amendment to the U.S. Constitution.

5        The judgment in the present case is based upon my plea of guilty to a violation of Penal Code 496(d),

6   possession of stolen vehicle. The plea was entered on November 22, 2005, in the Marin County Superior

7   Court.

8        I was deprived of effective counsel when my defense attorney failed to act in a manner expected of a

9   reasonably competent attorney acting as a diligent advocate, and it is reasonably probable that a

10   determination more favorable to me would have resulted if counsel had been effective. Strickland v.

11   Washington 466 U.S. 668. **(See Case Law, Attachment 17.)** I qualify for Ineffective Assistance of Counsel

12   because omissions of defense counsel involving a critical issue, not being justified by a knowledgeable

13   choice of tactics. People v. Farley (1979) 90 Cal.App.3d 851. **(See Case Law, Attachment 19.)** The

14   defense counsel failed in his requirement to investigate the immigration consequences before entering a plea.

15   See People v. Soriano (1987) 194 CalApp.3d 1470, **(See Case Law, Attachment 16.)** United States v.

16   Gonzalez, 58 F.3d 459 (9th Cir. 1995) also In re Resendiz (2001) 25 Cal.4[th] 876 (holding that defense

17   counsel's misadvice concerning actual immigration consequences of plea constitutes ineffective assistance of

18   counsel, resulting in reversal if prejudice is shown, even if I was given the advice on possible immigration

19   consequences required by Penal Code § 1016.5). **(Also See People v. Pope, Attachment 18.)**

20        The true actual immigration consequences of the plea, of which I was never informed prior to plea,

21   were that the plea would **force** the INS to strip away my lawful permanent resident status forever, and I

22   would **certainly** be deported away from my children, family, friends, home of more than 30 years,

23   employment, and educational opportunity - **never to return**. At the time of the plea in this case, the defense

24   attorney failed to give me the proper advice of those consequences. Therefore I did not enter the plea

25   knowingly and intelligently, and there is a reasonable probability that I would have chosen to go to trial

26   rather than accept the plea.

27        Moreover, defense counsel **did not** at any time, discuss my legal residency status in the United States.

28   On the contrary, defense counsel had no idea I was not a citizen until he was notified by me that I was in

29   ICE/INS custody. He then wrote several letters to me alluding to the fact that he indeed allowed me to plead

30   to a charge that would **certainly** deport me and bar me from **ever returning** to the United States. It is clear in

31   the nature and tone of the correspondence between counsel and myself that he failed to research the certain

Name Antonio Fabian Silveyra A# 18-499-789, Detained at ICE–El Centro Detention Facility 1 North Imperial Ave. El Centro, Cal. 92243-1739. Declaration of Antonio F. Silveyra in Support for Petition for Writ of Habeas Corpus, Exhibits in Support re: Marin County Superior Court Case No: SC-143914A

1    immigration consequences of the plea and only did so **after** I was in INS custody and in removal proceedings

2    and had requested him to do so. **(See Letter(s) from Michael Coffino, Esq., Attachment 1.)**

3    The California Court of Appeals in <u>People v. Soriano, supra</u> specified the elements necessary for

4    relief under the claim of ineffective assistance of counsel:

5    1)    The defense counsel is required to investigate the exact immigration consequences that

6    would flow from conviction;

7    2)    Counsel did not advise client of those consequences;

8    3)    Client did not enter plea knowingly and intelligently;

9    4)    There is a reasonable probability that defendant would have chosen to go to trial rather than

10    accept plea. Also see, Lockhart v. Fretwell, 506 U.S. 364;(1993); Hill v. Lockhart, 474 U.S.

11    52, 59 (1985); <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>People v. Wiedersperg</u>

12    (1975) 44 Cal.App.3d 550.

13    The defense attorney failed to advise me **explicitly** concerning the possibility that the conviction

14    might trigger deportation, exclusion from admission to the United States or denial of naturalization pursuant

15    to the laws of the United States. INA 237(a)(2)(A)(iii) as defined in Section 101(a)(43)(G) of the Act "a theft

16    offense, (including receipt of stolen property), for which the term of imprisonment is at least one year." **(See**

17    **Notice to Appear, Attachment 2; Alvarez-Barajas v, Gonzalez, Attachment 20.)**

18    Since immigration consequences where never discussed between defense counsel and myself, I was

19    unaware of the serious immigration consequences that the judge was talking about regarding the immigration

20    implications of the plea, I did not believe that I faced a possibility of deportation, exclusion or denial of

21    naturalization as a result of the conviction. On the contrary, I simply regarded the trial judge's questioning as

22    a routine part of the sentencing phase, and just wanted to begin serving my term in order to get back to my

23    family, educational pursuits and career as soon as possible. I only became aware of the reality of deportation

24    when an ICE/INS agent visited me in prison - shortly before my release date. At that time, I had been

25    accepted to San Francisco State University through Project Rebound's *Prisoner to Scholar* program, and I

26    was eager to implement all the breaking barriers skills I worked so hard to acquire and hoped to begin my

27    transformation back to a responsible, acceptable, productive member of society and a positive influence on

28    my three young daughters. **(See Admissions Letter from Project Rebound, Associated Students, San**

29    **Francisco State University, Attachment 10; Certificates & Letters in Support of Rehabilitation**

30    **Attachment 14.)**

Name Antonio Fabian Silveyra A# 18-499-789, Detained at ICE–El Centro Detention Facility 1115 North Imperial Ave. El Centro, Cal. 92243-1739. Declaration of Antonio F. Silveyra in Support for Petition for Writ of Habeas Corpus, Exhibits in Support re: Marin County Superior Court Case No: SC-143914A

1    From the time when the Immigration and Naturalization Service came to visit me in prison, and
2  interviewing me regarding my immigration status, I have done everything in my power to fight this
3  deportation.  On May 11, 2007, I was transferred from custody of the California Department of Corrections
4  over to the Service (Immigration Customs Enforcement).  My family then hired an immigration attorney to
5  defend me at the deportation proceedings.  On June 27, 2007, I filed through my counsel a Cancellation of
6  Removal Application in order to buy time for my attack on the criminal conviction.  I am currently awaiting
7  the final merits hearing scheduled for January 9, 2008.  At that time, I will be ordered deported as the
8  immigration court has no other choice, do to the current immigration laws regarding "receiving stolen
9  property." On August 22, 2007, my attorney of record and I parted ways by mutual agreement.  I considered
10 necessary someone who could help me in both the immigration matter as well as the criminal matter.  I am
11 now proceeding in Pro Se, as my family does not have the funds to retain expert counsel.  On September 6,
12 2007, I filed a Petition for Prosecutorial Discretion to the ICE Field Director in San Diego, which was denied.
13 On September 13, 2007, I filed a Petition for Release on Supervision with the Officer in Charge at El Centro
14 Detention Facility that was also denied. **(See Letter from San Diego Field Director, Attachment 15.)**
15 Around this time, I was referred to former defense counsel Mr. Michael Coffino, in order to investigate the
16 validity of my conviction.  Due to the potential conflict of my ineffective assistance claim, he referred my
17 family and I to the Alternative Defenders – nevertheless we remain in contact.  After consulting with counsel,
18 I have proceeded as directed in Pro Se.

19    Under these circumstances, an equivalent disposition could no doubt have been found, allowing the
20 court to grant sufficient punishment yet avoiding deportation. One example is a plea to **<u>Count One</u>** of the 3rd
21 Amended Complaint: **Burglary of a Vehicle** - I would not have been subject to deportation, as it does not
22 qualify as an aggravated felony under <u>Loarca, aka Luis Guzman v. Ashcroft,</u> 23 Fed. App. 877; 2002 U.S.
23 App. (9thCir.) **(See 3rd Amended Complaint pg. 1, Attachment 3;Case Law, Attachment 4.)**  Instead, on
24 the advice from my attorney, I plead guilty to **<u>Count 4</u>: Possession of a Stolen Vehicle**, resulting in the
25 current removal proceedings and my mandatory detention. **(See Letter(s) from Michael Coffino, Esq.,**
26 **Attachment 1.)**

27    My Fourth Amendment rights were clearly violated.  The facts in this case are clear: I was stopped
28 and questioned by San Anselmo Police while walking along a city street on the morning of October 1, 2005.
29 I noticed the patrol car approaching me immediately after I stepped out into the middle of the street to search
30 for my companion who drove me to San Anselmo, CA from Richmond, Ca. for the purpose of recycling. I
31 was standing near the driver's door of a vehicle that was parked at the corner.  Upon seeing the oncoming

Name Antonio Fabian Silveyra A# 18-499-789, Detained at ICE–El Centro Detention Facility 1115 North Imperial Ave. El Centro, Cal. 92243-1739. Declaration of Antonio F. Silveyra in Support for Petition for Writ of Habeas Corpus, Exhibits in Support re: Marin County Superior Court Case No: SC-143914A

1    patrol car I decided to get on the sidewalk now placing me at the rear of the vehicle.  As the patrol car

2    approached I crouched down.  I was unaware of the San Anselmo City ordinances regarding recycling and

3    did not want to get into trouble.  The officer stopped, then exited his patrol car and approached, whereupon

4    he saw me.  The officer drew his weapon and pointed it at me.  He ordered me to lie face down on the

5    sidewalk.  On the ground next to me were a black leather bag, a flashlight and a recycling bag.  I informed

6    the officer that I was recycling and asked him what was going on.  He asked what was in the bag (referring

7    to the black shoulder bag) and I replied "just some CD's.  I was told I was being detained in connection with

8    recent auto burglaries and ordered me to stay on the ground until another officer could arrive to handcuff me.

9        I remained lying face down on the ground while the officer stood guard for ten minutes, until a

10   sergeant arrived, whereupon I was immediately handcuffed.  I was now immobilized and was grasped by my

11   arms and bodily turned over so that I was sitting up on the sidewalk with my hands cuffed behind my back.  I

12   was pat searched and he felt a cell phone in my front pocket.  I told him it was indeed a cell phone.  The

13   officer then reached into my pocket and retrieved the phone.  I again told the officer's I was collecting

14   recyclables.  The officers then turned their attention to the black leather bag, the pockets which were

15   unzipped.  The officer then pulled open the carrying handles and looked inside of the main compartment of

16   the bag.  Inside he observed several CD's and other misc. property, including some loose change. He then

17   inspected the cards and papers in the bag and saw that one was a YMCA card bearing a woman's name, and

18   various keys.    The flashlight had a name and phone number printed on it.  He then arrested me for

19   "possession of suspected stolen property," put me in the patrol car and took me to the station.  <u>People v.</u>

20   <u>Souza</u> (1994) 9 Cal.4th 224,229; <u>People v. Davis</u> (1981) 29 Cal.3d 814, 821fn.3; <u>In re Charles C.</u> (1999) 76

21   Cal.App.4th 420, 423; <u>People v. Campbell</u> (1981) 118 Cal.App. 3d 588, 596.

22       The Police officer reported that I was **looking** at a vehicle in a **criminal manner**. The vehicle in

23   question showed no signs of tampering.  Moreover, it was **not** the stolen vehicle in question.  I was **not** in

24   commission of any felony, and I was certainly **not** in **possession of a stolen vehicle** as charged.  The officer

25   lacked information sufficient to justify a reasonable suspicion that criminal activity was taking place and that

26   I was involved.  At the point of contact with the officer, he only knew that I was seen crouching near a

27   vehicle, and that there had been reports of recent thefts from unlocked cars.  But there was no sign of forced

28   entry and no report of a burglary or other crime.  I provided and innocent explanation of my activities: I was

29   collecting recyclables and had with me a recycling bag.  No weapons or contraband were apparent.  This

30   arrest was made without probable cause, since the officers had no evidence that I had committed any crime.

31   They new nothing of the flashlight being stolen, nothing about items in the bag being stolen, nothing about

Name Antonio Fabian Silveyra A# 18-499-89, Detained at ICE–El Centro Detention Facility 1155 North Imperial Ave. El Centro, Cal. 92243-1739. Declaration of Antonio F. Silveyra in Support for Petition for Writ of Habeas Corpus, Exhibits in Support re: Marin County Superior Court Case No: SC-143914A

1  the cell phone being stolen. This search was unlawful for two reasons: first, because a pat search was not
2  justified by the circumstances, and second because the officer did not detect a weapon or contraband during
3  the pats search that would warrant removing the item from my pocket. Since there were no facts indicating I
4  was armed and dangerous the pat search was unlawful. The officer did not feel anything like a weapon or
5  drugs that would establish probable cause for a search of my pocket. Rather, he felt a cell phone, asked me
6  what it was I told him it's just a cell phone. The search should have ended there. It did not, and thus the cell
7  phone was seized in violation of the Fourth Amendment. Wong Sun v. U.S. (1963) 371 US 471; Terry v.
8  Ohio (1968) 392 U.S. 1; Minnesota v. Dickerson (1993) 508 U.S. 366.

9      Moreover, since there was neither a warrant, nor any recognized exception to the warrant
10  requirement. According to the police report, after I was handcuffed and pat searched, the officer pulled the
11  carrying handles open and looked inside of the main compartment of the bag. Clearly this constituted a
12  search. Before the search there was nothing to suggest that weapons were in the bag, or that potential
13  evidence within was in danger of being destroyed. To the contrary, I was lying on the ground in handcuffs.
14  Likewise, nothing indicated there were stolen items in the bag. Nothing had been reported stolen. No one
15  called the police to report a prowler. No auto burglaries had been reported in San Anselmo that night or the
16  day before. In fact, the items recovered from me **had not at that point even been reported stolen**.

17      In this case, the officer's search of the black leather bag, which yielded the bulk of the evidence, in
18  this was illegally obtained. Trupiano v. U.S. (1948) 334 U.S. 699; People v. Larry A. (1984) 154 Cal.App.3d
19  929, 934; Vale v. Louisiana (1970) 399 U.S. 30,34; People v. Ruggles, supra. at 486. One of the items was a
20  set of Subaru keys. A 2000 Subaru was found abandoned on October 11. 2005, it had been reported as
21  stolen. This vehicle was discovered 10 days after my arrest and incarceration. During the plea phase of the
22  proceedings the court was perplexed as no probable cause to the charge existed. I believe Penal Code
23  466.5(a) **unlawful possession of motor vehicle master key** - a misdemeanor, should have been investigated
24  by defense counsel and possession of a stolen vehicle charge rejected.

26  **IRREPRABABLE HARM WILL BE CAUSED AS A RESULT OF DEPORTATION**

28      I ANTONIO F. SILVEYRA have been a lawful permanent resident of the United States for the last 40
29  years. The ICE/INS is attempting to deport me as a result of this conviction, and I have no hope at all of
30  remaining here with my family unless this conviction is vacated. (**Notice to Appear, Attachment 2;**
31  **Alvarez-Barajas v, Gonzalez, Attachment 20.**))

Name Antonio Fabian Silveyra A# 18-499-789, Detained at ICE–El Centro Detention Facility 1115 North Imperial Ave. El Centro, Cal. 92243-1739. Declaration of Antonio F. Silveyra in Support for Petition for Writ of Habeas Corpus, Exhibits in Support re: Marin County Superior Court Case No: SC-143914A

1    Aside from two misdemeanor convictions for disturbing the peace in 1990, and one misdemeanor

2 conviction for battery in 1982 **all** of my recent convictions are the result of symptoms of substance abuse

3 stemming directly from **severe depression** due to grief from the deaths of 4 loved ones (including my son

4 Nathan) in a short period of time coupled with my break up of a 7-year relationship with my domestic partner

5 and mother of our 6 year old daughter. Prior to that brief 5-month period of aberrational behavior, I had been

6 a law-abiding citizen for **15 years** since my last conviction – a disturbing the peace charge, and for **36 of my**

7 **40 years** of legal permanent residency in the United States. In fact, I was recently granted a **Petition to**

8 **Dismiss** a misdemeanor case, which had been added to my removal proceedings. **(See Petition and Order**

9 **for Expungement, Attachment 5.)**

10    I have very strong ties to the United States. All of my family resides in this country. I have

11 reconciled with my domestic partner who is a U.S. citizen and we plan to wed upon my release. I have three

12 U.S. citizen children. Two of my children are from previous marriages, and the youngest, a six year old

13 daughter, is from my current domestic partner. My parent and sibling also reside in this country. My mother

14 who is in need of brain surgery and suffering from early stages of Alzheimer's is a lawful permanent resident

15 of the United States living on a pension, my father is deceased having been **brutally murdered by an illegal**

16 **alien**, and my sister who has cirrhosis of the liver and is disabled, is a U.S. American born citizen. The

17 current deportation proceedings, which are a direct result of my conviction for possession of a stolen vehicle

18 PC 496(d), will be an injustice and will have an overwhelming negative impact on my innocent family. It

19 would destroy their financial status and my children's emotional standard of life, create a severe medical

20 hardship due to my moms brain tumor and my sisters battle with cirrhosis of the liver and would destroy my

21 family life. **(See Declaration of former wife, Kristin Killian, Attachment 6; Declaration of domestic**

22 **partner, Sabrina K. Shaw, Attachment 7; Declaration of Petitioner's mother, Attachment 8, and sister,**

23 **Attachment 9.)**

24    My domestic partner Sabrina Shaw and I rent a home in Alameda, California away from the criminal

25 environment that I was involved in. I am needed to provide child support for my child in my current

26 relationship and for my child from a previous marriage. I have completed a significant amount of higher

27 education, and have maintained meaningful employment in the legal services field in the capacity of a clerk

28 and paralegal. **(See Declaration of former wife, Kristin Killian, Attachment 6; Declaration of domestic**

29 **partner, Sabrina K. Shaw, Attachment 7; Letter from Employer, Attachment 12; Letters of**

30 **Community Support, Attachment 13.)**

Name Antonio Fabian Silveyra, A# 18-499-789, Declaration of Antonio F. Silveyra in Support of Petition for Writ of Habeas Corpus; Exhibits in Support. United States District Court, County of San Diego.

7

Name Antonio Fabian Silveyra A# 18-499-789, Detained at ICE–El Centro Detention Facility 1 North Imperial Ave. El Centro, Cal. 92243-1739. Declaration of Antonio F. Silveyra in Support for Petition for Writ of Habeas Corpus, Exhibits in Support re: Marin County Superior Court Case No: SC-143914A

1     I have demonstrated extreme hardship and irreparable harm to my family members if I were to be

2    deported as a result of this conviction.  I have resided in the United States for over 40 years, and have an

3    otherwise unblemished record.  My DMV record is clear and I have no juvenile record.  To add to my

4    credibility to my rehabilitation of my criminal record, my success plans include but not limited to the

5    acceptance into Teen Challenge a *live in* Christian Discipleship Program in Oakland, California, and

6    admission to San Francisco State University through the auspices of Project Rebound's Prisoner to Scholar

7    Program of which I qualified for while incarcerated.  **(See Admissions Letter from Project Rebound,**

8    **Associated Students, San Francisco State University, Attachment 10; Acceptance Letter from Teen**

9    **Challenge, Attachment 11.)**  I have clearly demonstrated that I was never advised by defense counsel as the

10   statute requires:  " Failure to warn a non-citizen, prior to entry of a plea of guilty or no contest, that the

11   conviction may cause (a) deportation, (b) exclusion, and (c) denial of naturalization requires the court to

12   vacate the conviction." The evidence establishes that it is these specific consequences that are **barring** me

13   from obtaining relief in immigration court, allowing me to remain here or reenter the country legally if I were

14   deported.  The facts show my deep roots here, and strong support not only in the community in general, but

15   also on the part of my family, mother and sister, who does not want me deported away from my children.

16     I have served my time, paid my debt to society, and have with due diligence have rehabilitated and

17   created an exit plan that will allow me the best chance at success as I transition back into society. I have 10

18   years of experience in the legal field, have an opportunity to complete my college education at San Francisco

19   State University, an opportunity to change my life through Teen Challenge's Discipleship Program and I

20   have the support of the Berkeley community and family. **(See Admissions Letter from Project Rebound,**

21   **Associated Students, San Francisco State University, Attachment 10; Acceptance Letter from Teen**

22   **Challenge, Attachment 11; Letter from Employer, Attachment 12; Letters of Community Support,**

23   **Attachment 13; Certificates & Letters in Support of Rehabilitation Attachment 14.)**

24     For the foregoing reasons, the plea of guilty must be set aside, the petition for writ of habeas corpus

25   must be issued and my judgment must be vacated.  This result achieves substantial justice as well, since I can

26   then proceed to have this case handled with full understanding of all the serious immigration consequences it

27   may involve.  No prejudice to the prosecution will occur, since I have long since served my time and have

28   been successfully completing my parole for the past 8 months of detainment.  The potentially extreme and

29   harsh consequences of deportation, exclusion from the United States, and denial of naturalization should not

30   flow from a conviction resulting from a plea of guilty entered in ignorance of these nasty surprises.

Name Antonio Fabian Silveyra A# 18-499-789, Detained at ICE–El Centro Detention Facility 1 No. North Imperial Ave. El Centro, Cal. 92243-1739. Declaration of Antonio F. Silveyra in Support for Petition for Writ of Habeas Corpus, Exhibits in Support re: Marin County Superior Court Case No: SC-143914A

1    This declaration is based on the Petition for Writ of Habeas Corpus, the attached exhibits, and upon

2    such further evidence, authorities, and argument as may be presented at the evidentiary hearing on this

3    petition.

4

5    Sincerely and Respectfully Submitted,

6

7

8

9    **Antonio Fabian Silveyra**

10   A# 18-499-789

11   In Pro Se

12

13   **Date: December 27, 2007**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF, OF SERVICE BY MAIL
## BY PERSON IN U.S. INS CUSTODY
### (Fed. R. Civ. P. 5; U.S.C § 1746)

I, Antonio F. SILVEYRA-Garcia declare:

I am over 18 years of age and a party to this action.  I am a resident of D.H.S  & B.I.C.E.
FACILITY in the County of IMPERIAL, STATE OF CALIFORNIA.

My address is: 1115 N. IMPERIAL AVENUE EL CENTRO, CALIFORNIA 92243.

ON December 27, 2007 I served the attached,

**Petition For Writ of Habeas Corpus
Declaration of Antonio F. Silveyra in Support of
Petition For Writ of Habeas Corpus;
Exhibits in Support.**

On the parties herein by U.S. Mail delivering a true and correct copies thereof, at the

address set for Service:

> United States District Court
> County of San Diego
> 880 Front Street
> San Diego, CA 92101

> Attorney General
> Department of Justice
> Attn: Anya Binsacca
> Correctional law Section
> 455 Golden Gate Avenue, 12th FL.
> San Francisco, CA 94102

I declare under penalty of perjury under the laws of the United States of America that the
Forgoing is true and correct.

Executed on <u>December 27, 2007.</u>

**Respectfully Submitted**

Antonio F. SILVEYRA
A# 18-499-789
DHS / ICE / SPC.
1115 N. Imperial Avenue
El Centro, CA 92243
IN PRO SE

# OFFICE OF THE PUBLIC DEFENDER

**JOSEPH L. SPAETH**
PUBLIC DEFENDER

**JOSE VARELA**
ASSISTANT PUBLIC DEFENDER

**DAVID I. BROWN**
CHIEF DEPUTY
**DEBRA LEYVA**
CHIEF DEPUTY



HALL OF JUSTICE
**3501 Civic Center Drive**
**Room 139**
**San Rafael, CA 94903**
**(415) 499 6321**
**(415) 499 6898 FAX**
*www.co.marin.ca.us/pd*

August 24, 2007

## ATTORNEY-CLIENT PRIVILEGED

Antonio Fabian Silveyra
AO18499789
ICE Detention Center
1115 North Imperial Ave.
El Centro, CA 92243

RE:    **People v. Antonio Fabian Silveyra**
     **SC-143914A**

Dear Mr. Silveyra:

I am writing in response to your telephone call of August 16, 2007, in which you asked that I provide you with the police reports from your above case. The reports are enclosed, along with other materials from your file.

I understand you are facing deportation proceedings because the federal authorities believe you were convicted of an aggravated felony. You asked me if a conviction for violating Penal Code section 496d is an aggravated felony.

Enclosed is a copy of the case *Alvarez-Barajas v. Gonzales* (2005) 418 F.3d 1050, which indicates that receiving stolen property in California is an aggravated felony if the person receives a sentence of one year or more.

Please contact me if I can be of any further assistance.

Very truly yours,

Michael A. Coffino

# OFFICE OF THE PUBLIC DEFENDER

**JOSEPH L. SPAETH**
PUBLIC DEFENDER

**JOSE VARELA**
ASSISTANT PUBLIC DEFENDER

**DAVID I. BROWN**
CHIEF DEPUTY
**DEBRA LEYVA**
CHIEF DEPUTY



**HALL OF JUSTICE**
3501 Civic Center Drive
Room 139
San Rafael, CA 94903
(415) 499 6321
(415) 499 6898 FAX
*www.co.marin.ca.us/pd*

September 14, 2007

## ATTORNEY-CLIENT PRIVILEGED

Antonio Fabian Silveyra
AO18499789
ICE Detention Center
1115 North Imperial Ave.
El Centro, CA 92243

     **RE:**  **People v. Antonio Fabian Silveyra**
           SC-143914A

Dear Mr. Silveyra:

    I received both your letters with enclosed materials.  For your review, I enclose a copy of the U.S. Supreme Court decision in *Gonzales v. Duenas-Alvarez* (2007) 127 S.Ct. 815, which appears to overrule another case I enclose, *Penuliar v. Gonzales* (9th Cir. 2004).  This is an evolving area of the law.

    Our office would have a conflict of interest if the basis of the motion to withdraw your plea is ineffective assistance of counsel for failing to advise you of the immigration consequences of your plea.  Accordingly, the court appointed a lawyer from the Alternate Defenders, Mr. Robert Casper.  He is at 1000 Fourth Street, Suite 875, San Rafael, CA 94901, tel. (415) 459-2000.  I have provided him with copies of both of your files.

    Please contact me if I can be of any further assistance.

                    Very truly yours,

                    Michael A. Coffino

**JOSEPH L. SPAETH**
PUBLIC DEFENDER

**JOSE VARELA**
ASSISTANT PUBLIC DEFENDER

**DAVID I. BROWN**
CHIEF DEPUTY
**DEBRA LEYVA**
CHIEF DEPUTY



HALL OF JUSTICE
3501 Civic Center Drive
Room 139
San Rafael, CA 94903
(415) 499 6321
(415) 499 6898 FAX
www.co.marin.ca.us/pd

August 30, 2007

**VIA FEDERAL EXPRESS**

Hon. Dennis R. James
Immigration Judge
United States Immigration Court
1115 North Imperial Ave.
El Centro, CA 92243

RE:    **People v. Antonio Fabian Silveyra**
       **ICE Detention Center No. A18499789**
       **Marin County Superior Court Case No. SC-143914A**

Dear Judge James:

I am the attorney for Antonio Fabian Silveyra, who is scheduled for a deportation hearing in your courtroom on September 4, 2007. I am writing to advise the court that Mr. Silveyra is moving to withdraw the guilty plea that resulted in his conviction in the above-referenced Marin County Superior Court case. That conviction is the basis of the government's deportation request.

Accordingly, I request on Mr. Silveyra's behalf that your Honor continue the scheduled deportation hearing on September 4 until such time as Mr. Silveyra's motion in California Superior Court is adjudicated. If Mr. Silveyra is allowed to withdraw his guilty plea, it appears that grounds for his deportation would no longer exist.

Mr. Silveyra's case is on calendar before the Hon. Faye D'Opal, Judge of the Superior Court in and for the County of Marin, today for proceedings related to his motion to withdraw his plea.

Thank you for your consideration.

Very truly yours,

Michael A. Coffino

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No: A18 499 789
CDC: F08955
Rel Date: 5/11/2007

In the Matter of:

Respondent:   SILVEYRA-Garcia, Antonio Fabian  AKA: Antonio Fabian Silveyra
currently residing at  C/O California Department of Corrections
(Number, street, city, state and ZIP code)

DHS/Immigration & Customs Enforcement
Institutional Removal Program
7018 Blair Road
Calipatria CA 92233 (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

☐ 4. You are not a citizen or national of the United States.

☐ 5. You are a native of <u>Argentina</u> and a citizen of <u>Argentina.</u>

☐ 6. You were admitted to the United States at Los Angeles, California on or about 8/31/1968 as an immigrant.

☐ 7. You were, on 11/22/2005, convicted in the Superior Court of California, County of marin for the offense of Possession of a Stolen Vehicle, in violation of Section 496d(a) of the California Penal Code;

☐ 8. For that offense, you were sentenced to confinement for a period of 3 years.

Department of Justice
Executive Office For
Immigration Review

APR 2 3 2007

Immigration Court
Imperial, California

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

237(a)(2)(A)(iii)  of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(G) of the Act, a theft offense, (Including receipt stolen property), for which the term of imprisonment is at least one year.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

To be set
(Complete Address of Immigration court, Including room Number, if any)

on APR  26  2007 at 8 \00 a m  to show why you should not be removed from the United States based on the charge(s) set forth above.
(Date)    (Time)

Joel Mata Jr.
Supervisory Detention and Deportation Officer
(Signature and Title of Issuing Officer)
Calipatria, California
(City and State)

Date:   APR 2 0 2007    **See reverse for important information**    Form I-862 (Rev. 4-1-97)

**Alien Registration:** This copy of the Notice to appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations that may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice of Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

x *Antonio Silveyra*
(Signature of Respondent)

Before:

_____
(Signature and title of INS Officer)
**Deportation Officer**

Date: _____

---

* **Certificate of Service**

This Notice to appear was served on the respondent by me on _____, in the following manner and in
(Date)
compliance with section 239(1)(1)(F) of the Act:

☒ in person   ☐ by certified mail, return receipt requested   ☐ by regular mail

**Aliens right index print**

☒ Attached is a list of organizations and attorneys, which provide free legal services.

☒ The alien was provided oral notice in the _____ *English* _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

x *Antonio Silveyra*
(Signature of Respondent if Personally Served)

_____
(Signature and Title of Officer)
**Deportation Officer**

EDWARD S. BERBERIAN
MARIN COUNTY
DISTRICT ATTORNEY
MURAT A. OZGUR
DEPUTY DISTRICT ATTORNEY
STATE BAR NUMBER 213895
3501 CIVIC CENTER DRIVE, ROOM 130
SAN RAFAEL, CA 94903-4196
TELEPHONE: (415) 499-6450
FAX NUMBER: (415) 499-3719

SC143914

**FILED**

NOV 2 2 2005

JOHN P. MONTGOMERY,
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By S. Paterson, Deputy

THIS INSTRUMENT IS A CORRECT
COPY OF THE ORIGINAL ON FILE
IN THIS OFFICE

Attest DEC 1 9 2005

Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By M. (Adettigang), DEPUTY

ATTORNEYS FOR THE PLAINTIFF

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

THE PEOPLE OF THE STATE OF CALIFORNIA,

                 PLAINTIFF,

      v.

ANTONIO FABIAN SILVEYRA,

                 DEFENDANT(S).

)
)
)  NO. SC143914
)
)  AGENCY CASE NO(S).
)  SA05001358
)
)
)  3RD AMENDED
)  COMPLAINT
)

I, THE UNDERSIGNED, SAY, ON INFORMATION AND BELIEF, THAT IN THE COUNTY OF MARIN, STATE OF CALIFORNIA:

COUNT 001:  On or about September 29, 2005, to September 30, 2005, the crime of BURGLARY OF VEHICLE in violation of Section 459 of the Penal Code, a felony, was committed by ANTONIO FABIAN SILVEYRA, who, at the time and place last aforesaid, did willfully and unlawfully enter a motor vehicle, to wit: 1998 Toyota 4Runner, CA 3XSS338, the property of Manny Narkis, the doors of said motor vehicle being locked, with the intent to commit larceny and any felony.

COUNT 002: For a further and separate cause of complaint, being a

*I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF COURT CERTIFIED DOCUMENT(S) ON FILE WITH THE CALIFORNIA/DEPARTMENT/OR CORRECTIONS*

*IMMIGRATION & CUSTOMS ENFORCEMENT OFFICER*

*U.S.*

Page 1 of 4

3RD AMENDED COMPLAINT

different offense from but connected in its commission with the
charge set forth in Count 001, complainant further complains and
says: On or about October 1, 2005, the crime of RECEIVING STOLEN
PROPERTY, in violation of Section 496(a) of the Penal Code, a
felony, was committed by ANTONIO FABIAN SILVEYRA, who, at the
time and place last aforesaid, did willfully and unlawfully buy,
receive, conceal, sell, withhold, and aid in concealing, selling,
and withholding property, to wit: a cell phone, a flashlight, a
leather Samsonite computer bag, Subaru car keys, a wallet, CD's,
concert tickets, and personal identifying information belonging
to Tim McGraw to wit: a Cal State Credit card, a Blockbuster
video card, a AAA membership card, and a DMV donor card, which
had been stolen and obtained by extortion, knowing that said
property had been stolen and obtained by extortion.

COUNT 003: For a further and separate cause of complaint, being a
different offense from but connected in its commission with the
charge set forth in Count 002, complainant further complains and
says: On or about October 1, 2005, the crime of FALSE
PERSONATION, in violation of Section 529(3) of the Penal Code, a
felony, was committed by ANTONIO FABIAN SILVEYRA, who, at the
time and place last aforesaid, did willfully, unlawfully, and
falsely personate Domingo Garcia, in a private and official
capacity and in such assumed character did an act whereby, if
done by the person falsely personated said person might, in any
event, become liable to a suit or prosecution, and to pay a sum
of money, and to incur a charge forfeiture and penalty, and

Page 2 of 4

whereby any benefit might accrue to the said defendant(s), or to

another.

COUNT 004: For a further and separate cause of complaint, being a

different offense from but connected in its commission with the

charge set forth in Count 003, complainant further complains and

says:  On or about October 1, 2005, the crime of RECEIVING A

STOLEN VEHICLE, in violation of Section 496d(a) of the Penal

Code, a felony, was committed by ANTONIO FABIAN SILVEYRA, who, at

the time and place last aforesaid, did willfully and unlawfully

buy, receive, conceal, sell, withhold, and aid in concealing,

selling, and withholding a vehicle, as defined by Section 415 of

the Vehicle Code, to wit:  a 2000 Subaru Outback California

license #4KZA589, which had been stolen and obtained by

extortion, knowing that said property had been stolen and

obtained by extortion.

COUNT 005: For a further and separate cause of complaint, being a

different offense from but connected in its commission with the

charge set forth in Count 004, complainant further complains and

says:  On or about October 1, 2005, the crime of GIVING FALSE

INFORMATION TO A PEACE OFFICER, in violation of Section 148.9(a)

of the Penal Code, a misdemeanor, was committed by ANTONIO FABIAN

SILVEYRA, who, at the time and place last aforesaid, did

willfully and unlawfully falsely represent and identify himself,

as another person and as a fictitious person to a peace officer

of the San Anselmo Police Department, upon a lawful detention and

3RD AMENDED COMPLAINT

arrest, in order to evade the process of the court and to evade

the proper identification of the person by the investigating

officer.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
TRUE AND CORRECT EXCEPT AS TO THOSE MATTERS STATED ON THE
INFORMATION AND BELIEF AND AS TO THOSE MATTERS I BELIEVE THEM TO
BE TRUE.

EXECUTED ON 11/21/2005, AT SAN RAFAEL, CALIFORNIA.

_____
MURAT A. OZGUR
DEPUTY DISTRICT ATTORNEY

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY
OF COURT CERTIFIED DOCUMENT(S) ON FILE WITH
THE CALIFORNIA DEPARTMENT OF CORRECTIONS.

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT OFFICER

Page 4 of 4

3RD AMENDED COMPLAINT

---

**ENRIQUE GUZMAN-LOARCA, aka LUIS GUZMAN, Petitioner, v. JOHN ASHCROFT, Attorney General, Respondent.**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**23 Fed. Appx. 877; 2002 U.S. App. LEXIS 1344**

**No. 00-71290**

**January 14, 2002 **, Submitted**

**January 24, 2002, Filed**

---

**Notice:**

RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**Editorial Information: Prior History**

On Petition for Review of an Order of the Board of Immigration Appeals. INS No. A41-500-140.

**Disposition**    PETITION FOR REVIEW GRANTED.

**Counsel**    ENRIQUE GUZMAN-**LOARCA**, Petitioner, Pro se, San Diego, CA.

For JOHN ASHCROFT, Respondent: Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA.

For JOHN ASHCROFT, Respondent: CAS-District Counsel, IMMIGRATION AND NATURALIZATION SERVICE, Office of the District Counsel, San Diego, CA.

For JOHN ASHCROFT, Respondent: Mark C. Walters, Attorney, Kristen A. Giuffreda, Esq., Patrick Shen, OFFICE OF IMMIGRATION LITIGATION, Washington, DC.

For JOHN ASHCROFT, Respondent: Ronald E. LeFevre, Chief Legal Officer, District Counsel, Immigration and Naturalization Service, San Francisco, CA.

**Judges:** Before: KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

**Opinion**

MEMORANDUM*

Enrique Guzman-**Loarca**, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order issued on the grounds that petitioner is an alien convicted of an aggravated felony. The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply to this case because removal proceedings were initiated against petitioner after April 1, 1997. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997). We grant the petition.

"Because the issue in this appeal is whether [petitioner] committed an aggravated felony, and because we have jurisdiction to determine our own jurisdiction, *see Aragon-Ayon v. INS*, 206 F.3d 847, 849 (9th Cir. 2000), the jurisdictional question and the merits collapse into one." *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000).

---

Because petitioner's conviction for the offense of second degree burglary of a vehicle in violation of California Penal Code § 459 with a sentence of three years is not an aggravated felony, petitioner is not removable for being an aggravated felon under 8 U.S.C § 1227(a)(2)(A)(iii). *See id.* (stating that vehicle burglary under California Penal Code § 459 does not qualify as a burglary or crime of violence as those terms are used in the definition of aggravated felony.)

**PETITION GRANTED.**

### Footnotes

Footnotes

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Footnotes for Opinion

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| ☐ Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94607 | ☐ Berkeley Courthouse<br>2120 Martin Luther King, Jr. Way, Berkeley 94704 | |
|---|---|---|
| ☐ Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| ☐ Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | ☒ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |

## VERIFICATION OF RECORD

| Name: | Antonio Silveyra |
|---|---|
| Case Number: | 510553 |
| Originating Court: | Wiley Manuel |
| DOB: | 04/19/1964 |
| CEN: | 5256107 |
| Date of Arrest/Conviction: | 07/03/2005 |
| Charges: | M 11364 HS |

Disposition: **Case Dismissed 1203.4 effective 10/15/2007.**

☐   Defendant successfully completed all terms and conditions of probation on the date of

☐   As of this date, no charges have been filed by the District Attorney. No court file exists.

☐   Defendant is still on probation, but has completed the following conditions of their probation:

Your request for information regarding the above incident is acknowledged. However, pursuant to Section 68152 of the Government Code of California, all of our criminal records that were filed and concluded prior to the year 1998, have been destroyed.

☐   After a thorough search of the Criminal Index, no conviction was found for the above-named person at any Superior Court of California, County of Alameda location.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on **10/18/2007** at **Oakland**, California.

By _____
Deputy Clerk

seal

CRM- 034 (Revised 5/23/07)

CR-180

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Antonio F. Silveyra in Pro Se         a/ 18 499 789
ICE Detention Center
1115 N. Imperial Avenue
El Centro, CA 92243
TELEPHONE NO.:                    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* El Centro, CA 92243
ATTORNEY FOR *(Name):* Antonio F. Silveyra, Pro Se

FOR COURT USE ONLY

PEOPLE OF THE STATE OF CALIFORNIA

v.

DEFENDANT: ANTONIO F. SILVEYRA

**PETITION AND ORDER FOR EXPUNGEMENT**
(Pen. Code, §§ 17, 1203.4, 1203.4a)

CASE NUMBER:

±      510553

**DEFENDANT'S INFORMATION**

CII:
DRIVER'S LIC #: C1186999
SSN # (LAST FOUR DIGITS ONLY): 1629
DATE OF BIRTH: 4-19-64

## PETITION

1. On *(date):* July 21, 2005          the defendant in the above-entitled criminal action was convicted of a violation
   of section(s) *(specify):* 11364 hs              of the *(specify):* Health and Safety      Code.

2. The offense was a [ x ] misdemeanor    [ ] felony.

   Felony offense *(Pen. Code, § 17):*

   [ ]  The offense listed above is a felony that may be reduced to a misdemeanor under Penal Code section 17.

3. [ x ]  Offense with probation granted *(Pen. Code, § 1203.4):*

   Probation was granted on the terms and conditions set forth in the docket of the above entitled court; the defendant is not
   serving a sentence for any offense, nor on probation for any offense, nor under charge of commission of any crime, and
   the defendant has

   a. [ x ]  fulfilled the conditions of probation for the entire period thereof.

   b. [ ]  been discharged from probation prior to the termination of the period thereof.

4. [ ]  Offense with sentence other than probation *(Pen. Code, § 1203.4a):*

   [ ]  Probation was not granted; more than one year has elapsed since the date of pronouncement of judgment. The
   defendant has complied with the sentence of the court and is not serving a sentence for any offense nor under charge of
   commission of any crime, and since said pronouncement of judgment has lived an honest and upright life, and conformed
   to and obeyed the laws of the land.

Form Approved for Optional Use
Judicial Council of California
CR-180 [New January 1, 2005]

**PETITION AND ORDER FOR EXPUNGEMENT**
(Pen. Code, §§ 17, 1203.4, 1203.4a)

Page 1 of 2
Penal Code, §§ 17,
1203.4, and 1203.4a
www.courtinfo.ca.gov



| PEOPLE OF THE STATE OF CALIFORNIA v. a ANTONIO F. SILVEYRA<br>DEFENDANT: ANTONIO F. SILVEYRA | CASE NUMBER:<br>510553 |
|---|---|

Petitioner requests that defendant be permitted to withdraw the plea of guilty, or that the verdict or finding of guilt be set aside and a plea of not guilty be entered and the court dismiss this action under section [ x ] 1203.4 or [ ] 1203.4a of the Penal Code.

[ ]   Petitioner requests that the felony charge be reduced to a misdemeanor under Penal Code section 17.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: _____October 2, 2007_____ at _____El Centro_____ California.
                        (DATE)                         (CITY)

_____ (DEFENDANT)

1115 N. Imperial Avenue                          El Centro, California      92243
(ADDRESS, DEFENDANT)                              (CITY)        (STATE)      (ZIP CODE)

---

### ORDER

[ ]   The court denies the above petition.

[✓]   The court grants the above petition. The court finds from the records on file in this case, and from the foregoing petition, that the defendant is eligible for the relief requested.

[ ]   The court reduces the felony offense to a misdemeanor.

[✓]   It is ordered that the plea, verdict, or finding of guilt in the above entitled action be set aside and vacated and a plea of not guilty be entered; and that the complaint be, and is hereby, dismissed. If this order is granted under the provisions of Penal Code section 1203.4, the defendant is required to disclose the above conviction in response to any direct question contained in any questionnaire or application for public office or for licensure by any state or local agency, or for contracting with the California State Lottery.

[✓]   If the order is granted under the provisions of either Penal Code section 1203.4 or 1203.4a, the defendant is released from all penalties and disabilities resulting from the offense except as provided in Penal Code sections 12021 and 12021.1 and Vehicle Code section 13555. The dismissal does not permit a person to own, possess, or have in his or her control a firearm if prevented by Penal Code sections 12021 or 12021.1

Date: 10/15/07

_____ (JUDICIAL OFFICER)

**PETITION AND ORDER FOR EXPUNGEMENT**
**(Pen. Code, §§ 17, 1203.4, 1203.4a)**

©EB

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
**WILEY W. MANUEL COURTHOUSE**
**661 WASHINGTON STREET**
**OAKLAND, CALIFORNIA 94607**

In the matter of the Petition of:                    **DOCKET: 510553**
**Silveyra, Antonio**

### CERTIFICATE OF SERVICE BY MAIL

I, Veronique Hunter__, Legal Processing Assistant for the Wiley W. Manuel Superior Court, County of Alameda, State of California, certify that I am not a party to the cause and, that on the date hereof, I served copies of the following documents:

Petition to dismiss pursuant to PC1203.4

Service was made by depositing them, enclosed in sealed envelopes with the postage thereon fully prepaid, in the United States Post Office at Oakland, California, addressed as follows:

1115 N. Imperial Avenue
El Centro, CA 92243

I declare under penalty of perjury that the foregoing is true and correct. Executed at Oakland, California.

Executed on __October 19, 2007__ at __Oakland__ California.

By _____
        Legal Processing Assistant

Honorable ● Immigration Judge,

My name is Kristin Kilian Lobos. I'm am Antonio Fabian Silveyras ex wife. We have one child together. She is a sixth grader at Martin Luther King middle school in Berkeley California. Her name is Leila Silveyra. She is an honor roll student. She is a great kid. She is doing great. Playing soccer, singing and acting. She plans to go to College. My concern is for my child. She will be really sad and upset if her father is sent away.

I was also looking forward to getting some child support for her. She will soon be a teenager. I want her to stay on the right track. I don't want her father leaving to send her in the wrong direction. She always has lived with me. She thinks of her father as a fun, nice daddy. She loves him very much.

Thank you,

Kristin Kilian Lobos

Kristin Kilian Lobos

Dear, Judge James

My daddy means the world to me. When he was home we did so many fun things like teach me how to ride a bike, teach me to swim, swing me around, and around, go swimming, take me to target to buy me dollys, watch sponge bob with me and give me lots of hugs and kisses. The other day was crying because I missed him so much. I love my daddy more than anyone else in the world. he helps my grandma and auntie because the are sick and if he's gone then who will help them? My sister thinks he's going to be there forever. and if he's gone again it will break my heart, my grandma's, my auntie, my whole familys and if you send him away then you made are whole family with broken hearts.

From, Leila Silveyra

Dear Honorable Immigration Judge,
Please don't take my daddy I love him
more than the world, I haven't seen him
in a long time and i miss him not being
able to see him even longer will break
my heart I will cry and never stop. He
means so much to me and to my family
so please understand that if you
take him away from me and my family
I don't know what I'll do it will be if he
the world has no meaning and I will
be so sad because I love him soooo
o o o o o o o o o o o o o o o o o o
much. and even more than that.


Love, Leila Silveyra, Age: 11
Born: 9/12/95

# CITY OF BERKELEY
## HEALTH AND HUMAN SERVICES

### CERTIFICATE OF LIVE BIRTH  1-95-61    003099
### STATE OF CALIFORNIA
#### USE BLACK INK ONLY

STATE FILE NUMBER | LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER

| | | |
|---|---|---|
| **THIS CHILD** | 1A. NAME OF CHILD --- FIRST (GIVEN) LEILA | 1B. MIDDLE — | 1C. LAST (FAMILY) SILVEYRA |
| | 2. SEX FEMALE | 3A. THIS BIRTH, SINGLE, TWIN, ETC. SINGLE | 3B. IF MULTIPLE, THIS CHILD 1ST, 2ND. | 4A. DATE OF BIRTH --- MM/DD/CCYY 09/17/1995 | 4B. HOUR --- (24 HOUR CLOCK TIME) 0625 |

| | | |
|---|---|---|
| **PLACE OF BIRTH** | 5A. PLACE OF BIRTH --- NAME OF HOSPITAL OR FACILITY ALTA BATES MEDICAL CENTER | 5B. STREET ADDRESS --- STREET, NUMBER, OR LOCATION 2450 ASHBY AVENUE | |
| | 5C. CITY BERKELEY | 5D. COUNTY ALAMEDA | 5E. PLANNED PLACE OF BIRTH HOSPITAL |

| | | |
|---|---|---|
| **FATHER OF CHILD** | 6A. NAME OF FATHER --- FIRST (GIVEN) ANTONIO | 6B. MIDDLE FABIAN | 6C. LAST (FAMILY) GARCIA-SILVEYRA | 7. STATE OF BIRTH ARGENTINA | 8. DATE OF BIRTH 04/19/64 |
| **MOTHER OF CHILD** | 9A. NAME OF MOTHER --- FIRST (GIVEN) KRISTEN | 9B. MIDDLE — | 9C. LAST (MAIDEN) KILIAN | 10. STATE OF BIRTH CA | 11. DATE OF BIRTH 04/24/64 |

| | | |
|---|---|---|
| **PARENTS CERTIFICATION** | 19. I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. | 19A. PARENT OR OTHER INFORMANT — SIGNATURE | 12B. RELATIONSHIP TO CHILD BIRTH CLERK | 12C. DATE SIGNED 10/12/95 |
| **CERTIFICATION OF BIRTH** | I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR AND PLACE STATED | 13A. ATTENDANT OR CERTIFIER — SIGNATURE — DEGREE OR TITLE | 13B. LICENSE NUMBER G038645 | 13C. DATE SIGNED 09/17/95 |
| | 13D. TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT LISA K KELLER, MD, 3500 TELEGRAPH, OAKLAND | 14. TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT — | |

| | | |
|---|---|---|
| **LOCAL REGISTRAR** | 15A. DATE OF DEATH | 15B. STATE FILING STATE USE ONLY | 16. LOCAL REGISTRAR — SIGNATURE | 17. DATE ACCEPTED FOR REGISTRATION 10/23/1995 |

41827

This is to certify that this document is a true copy of the official record filed within the City of Berkeley.

Karen Furst, MD, MPH, Local Registrar and Health Officer
by:

K Furst MD
LOCAL REGISTRAR AND HEALTH OFFICER

DATE ISSUED **JAN 08 1996**

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



August 20, 2007

Sabrina L. Shaw
2020 Clinton Ave unit A
Alameda, CA 94501
209)996-6881

To Whom it May Concern~

I, Sabrina Shaw am writing this letter regarding Antonio Silveyra. It is in my best interest to convey to you the importance of his non deportation in direct relation to our daughter Sara R. Shaw-Silveyra. Sara is six years old and desperately misses her father. It is very difficult as a single mother (of two; Sienna, 10 and Sara, 6 year old) to manage physically, financially, emotionally & spiritually. We attend church regularly and do our best. Sara is always having her Sunday school teachers pray for her dad. She asks me "Mom, is Daddy ever coming home?" "Someday," I say.

I am a hard worker and a tax payer and it makes no sense why you/the system would continue such a financial strain on so many parties involved. I plea that you release Mr. Silveyra so he can be a responsible and productive member of society and the Father God Blessed him to be. Your time & consideration in this matter is greatly appreciated.

Sincerely
SABRINA SHAW



I WOUNt
you to COME
BACK
HOME
BECAUSE





OFFICE OF RECORDER

# COUNTY OF ALAMEDA
OAKLAND, CALIFORNIA



### CERTIFICATE OF LIVE BIRTH
### STATE OF CALIFORNIA
USE BLACK INK ONLY    1200161001185

|  | STATE FILE NUMBER | | | | LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER |
|---|---|---|---|---|---|
| THIS CHILD | 1A NAME OF CHILD – FIRST (GIVEN) SARA | 1B MIDDLE RACQUEL | | 1C LAST (FAMILY) SILVEYRA SHAW | |
| | 2 SEX FEMALE | 3A THIS BIRTH SINGLE TIME ETC | 3B IF MULTIPLE THIS CHILD 1ST 2ND 3RD ETC | 4A DATE OF BIRTH – MM/DD/CCYY 02/27/2001 | 4B HOUR – EN HOUR (CLOCK TIME) 0327 |
| PLACE OF BIRTH | 5A PLACE OF BIRTH – NAME OF HOSPITAL OR FACILITY ALTA BATES MEDICAL CENTER | | 7A STREET ADDRESS – STREET NUMBER 2450 ASHBY AVENUE | | |
| | 5B CITY BERKELEY | | 5D COUNTY ALAMEDA | | 5E PLANNED PLACE OF BIRTH HOSPITAL |
| FATHER OF CHILD | 6A NAME OF FATHER – FIRST (GIVEN) | 6B MIDDLE | 6C LAST (FAMILY) | 7 STATE OF BIRTH | 8 DATE OF BIRTH |
| MOTHER OF CHILD | 9A NAME OF MOTHER – FIRST (GIVEN) SABRINA | 9B MIDDLE KAY | 9C LAST (MAIDEN) SHAW | 10 STATE OF BIRTH TX | 11 DATE OF BIRTH 11/18/1971 |
| INFORMANT CERTIFICATION | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | 12A PARENT OR OTHER INFORMANT – SIGNATURE | | 12B RELATIONSHIP TO CHILD MOTHER | 12C DATE SIGNED 02/28/2001 |
| CERTIFICATION OF BIRTH | I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR AND PLACE STATED | 13A ATTENDANT OR CERTIFIER – SIGNATURE – DEGREE OR TITLE | | 13B LICENSE NUMBER G 47507 | 13C DATE SIGNED 3/5/01 |
| | 13D TYPED NAME TITLE AND MAILING ADDRESS OF ATTENDANT SIMON E. SHAHAM, MD, 5730 TELEGRAPH AVENUE, OAKLAND | | | 14 TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT | |
| LOCAL REGISTRAR | 15A DATE OF DEATH | 15B STATE FILE NO | 16 LOCAL REGISTRAR – SIGNATURE | ANN M. ENOS, RN, AGR. | 17 DATE ACCEPTED FOR REGISTRATION |

**Health Plan**
of San Joaquin

1550 W. Fremont St. Suite 200
Stockton, CA 95203
(209) 942-6320
1-888-936-PLAN

Medi-Cal Managed Care Program

**SIENNA SHAW**

HPSJ Member ID: 100411229 01
Effective Date: 08/01/2005
Plan: Medi-Cal

PCP: Kailey, Herleen
Effective: 06/01/2006
PCP Telephone: (209) 823-8158



**SOCIAL SECURITY**

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
THIS NUMBER HAS BEEN ESTABLISHED FOR

SARA RAQUEL SHAW


SIGNATURE

**CALIFORNIA**
DRIVER LICENSE

EXPIRES 11-18-07    A8685387    CLASS: C

SABRINA KAY SHAW
2123 FRANKLIN ST
ESCALON CA 95320

SEX: F    HAIR: BRN
HT: 5-06    WT: 135    DOB: 11-18-71

04/13/2005 658 25  FB/87






1284487    **CERTIFIED COPY OF VITAL RECORDS**
STATE OF CALIFORNIA, COUNTY OF ALAMEDA
This is a true and exact reproduction of the document officially registered
and placed on file in the office of the Alameda County Recorder.

DATE ISSUED _____ OCT 1 1 2002

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature of the Recorder.


PATRICK O'CONNELL
ALAMEDA COUNTY RECORDER

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

Honorable Immigration Judge:

Hello, my name is Marta R. Franks. I am 64 years old  I am here in the United States with a visa. My son, Antonio F. Silveyra, and I came into the United States together and have lived here for over 30 years.  We never returned to Argentina as we believe the United States is our home.  I am now retired and very ill.  I am asking that you please reconsider my son's deportation.

I had surgery scheduled last year for a tumor in my head, but I canceled the surgery until my son comes home.  If something should happen to me I wanted to see my son one last time.

My husband was an American born citizen and was brutally murdered 8 years ago.  He was murdered by someone who was in this country illegally.  My son his not a murderer. He has had problems with drugs since my husband passed.  My family has been through so much since my husband died.  All I have is my son and daughter.  Please do not take my son from me.  He is not a perfect person, but he is a productive member of the community.  He has an education, work history and children that need and love him.

I have not seen my son in over a year.  He has done his prison sentence in Susanville and I live in the Bay Area.  Due to my illness and financial situation I was unable to visit my son.  The only communication has been through letters and phone calls.

I am still waiting to have my surgery so that both my children can be with me during that time.  I would like to be able to hug my son.  It has been so long since I have been able to hug him.  I need my son not only for myself, but for his sister.  I know that she would not be able to emotionally and financially handle the loss of another parent alone.  She also needs to have her brother's love and support.

Thank you for this opportunity to speak on behalf of my son.

Sincerely,

*Marta R. Franks*

Marta R. Franks

$20.00

son se...

I...you got the money order I need

$28.00

...one to the doctors for

07...

I love you & miss you

Take care of yourself.

xoxoxo    mom

# The Permanente Medical Group, inc.

**Adult Medicine**
**1550 Gateway Blvd**
**Fairfield, CA 94533-6901**
**Dept: 707-427-4025**
**Main: 707-427-4000**

October 3, 2007

Re:
Marta R Franks
243 De Soto Dr
Fairfield, CA 94533

To Whom It May Concern:

This is to certify that Ms. Marta Franks who is under my care has following medical problems:
1. Meningioma of brain, a large benign brain tumor. Currently she is seeing a neurosurgeon for evaluation of brain surgery.
2. Diabetes
3. Hypertension
4. Hyperlipidemia

Should you have any further questions, please do not hesitate to contact me at 707-427-4025.

Sincerely,

SHULAN DING MD

March 23, 2007

To whom it may concern:

My name is Shirley Sue Angelica Franks and I am writing on behalf of my brother, Antonio F. Silveyra, who is incarcerated in Susanville State Prison.

My family has been informed that there may be a chance my brother could be deported back to Argentina and I am requesting that you reconsider his situation. My brother has 3 children, all who are located in the Bay Area. All of them need his financial support. Up until the time of his incarceration he was very involved in all of their lives. The lives of the two youngest have been greatly effected by his incarceration. They very much need their father in their lives and miss him terribly.

Since my brothers incarceration, we have found out that our mother has a brain tumor (medical records can be provided/released to you). It is just my brother and I to care for my mother. At the present time I am alone in assisting my mother. This is very difficult emotionally and financially. I am not able to work due to medical problems and my mother is retired. Every day is a struggle and we both desperately need my brother to come home to us. We need his financial help as well as emotional support.

Our father passed away 8 years ago while visiting our stepsister. They were both brutally killed by her ex-husband. You cannot imagine what my family went through during that time. I believe that contributed to my brother's emotional instability. His grief was inconsolable. We live with that tragedy every day of our lives. We need to support each other in our loss.

My brother has lived in the Bay Area his entire life with the exception of pursuing his education. All of his children live here and he has no family ties in Argentina. He has not been to Argentina since he was a child. The Bay Area is his home and ours. Please do not place more of a burden on my family. We need my brother to help financially and emotionally. He is the head of our household and to deport him would be another tragedy for my family.

My mother and I have relocated to Fairfield, California. We reside at 243 DeSoto Drive and have a room waiting for my brother.

Please feel free to call me at 707.425.3992. I can provide you with verification of all the information I have given you.

Thank you for you consideration

Sincerely,

Shirley Sue Angelica Franks

*Shirley Sue Soria*



**ASSOCIATED STUDENTS INC, SFSU**



Oct. 31, 2007

To: ICE Detention Center
1115 N. Imperial Avenue
El Centro, CA 92243

From: C. Jason Bell
Director, (ASI) Project Rebound
San Francisco State University (SFSU)

Re: Antonio Silveyra

---

As the full time director of a program that has successfully played a part in assisting hundreds of formerly incarcerated people obtain four year degrees, I believe that Mr. Silveyra should be given another opportunity to redeem himself and complete his college education. Mr. Silveyra has successfully completed academic courses which will help him obtain his bachelor's degree. He has had some turbulent semesters in the past, but currently seems much more serious about his academic planning. He has been communicating with us for several years now and we have developed a rapport that allows us to better determine the positive changes Mr. Silveyra is going through despite adversity. I feel that keeping him locked up as he edges his way to obtaining his bachelor's degree would be a great disservice to not only him, but to his family and society as a whole.

Mr. Silveyra will not be alone during his educational transition and I do not believe this man is beyond positive change. The staff at Project Rebound will assist him with all that is needed to be successful at SFSU. I will also make sure that he is able to receive all the funds that he is eligible to obtain, in order to alleviate the pressure of financial strain. Mr. Silveyra has some true support on the San Francisco State University campus, and not giving him a chance to complete his education would show a definite fault in the justice system. We, therefore, ask you to consider education as a positive alternative to incarceration for Mr. Silveyra. Please feel free to contact me regarding any questions or concerns.

Respectfully Submitted,

*C. Jason Bell*

Project Rebound
Associated Students Inc.
Cesar Chavez Student Center
1650 Holloway Avenue, T-138
San Francisco ,CA 94132-1722
(415) 405-0954, FAX : (415) 338-0522
e-mail: donmega@sfsu.edu
Web: http://www.asisfu.org/rebound/

### Project Rebound Associated Students Inc., San Francisco State University.
### A Program for the People in and from the Criminal Justice System.

In 1967 Professor John Irwin created Project Rebound as a way to matriculate people into San Francisco State University (S.F.S.U.) directly from the criminal Justice system. The focus of Project Rebound quickly became "**Education as an Alternative to incarceration**" and "**Turning Former Prisoners to Scholars**" after being embraced by the Associated Students Incorporated. Since the programs inception there have been hundreds of formerly incarcerated individuals who have obtained four – year degrees and beyond.

## Campus and Community Support

The program also acts as a liaison with networks throughout the campus at-large as well as throughout the communities in and around the San Francisco bay area. We are involved in working with teenagers and adults. We utilize a multitude of educational, tutorial, and vocational resources. Wherein, we also focus on job referrals, housing, counseling, and networking with "human Service Provider Programs" that can best serve our students needs. It is our contention that it hard to educate the hungry and homeless. From prison to empowerment, from destitution to the notion of "restorative justice", we are here to aid those who want to help themselves and to help others. We are still about the business of "each –one – teach –one." Programs like ours can not exist without people that are willing to reach back and help those who have supported you. Through the Community Involvement Center (CIC) Project Rebound can offer a student 3-5 units doing volunteer work for the program.

## Admission Strategies

1. Fill-out our questionnaire, answering all questions and return it to our office.
2. If you qualify we will send you an admission packet for S.F.S.U.
3. If you do not qualify we will send you a letter with all the informant to enroll at EOPS/Second Chance at City College of San Francisco.
4. However, if you are determined to be a San Francisco State University student and could not enter the university through the regular admission process. You can enroll in the TAB program that will allow you to take 3 units at SFSU while still attending City College.

**TEEN CHALLENGE**
**INTERNATIONAL**
The Proven Cure For The Drug Epidemic
NorWestCal Nevada

## ACCEPTANCE LETTER

web: www.teenchallenge.net
email: info@teenchallenge.net

**Administrative Office**
*mailing address:*
P.O. Box 24309
San Jose, CA 95154-4309
*shipping address:*
4608 Meridian Ave.
San Jose CA 95124
(408) 445-0661
(408) 445-0651

**SOUTHBAY**

**Alum Rock Women
& Children's Center**
4601 Alum Rock Ave.
San Jose, CA 95127
(408) 272-4416
(408) 272-8729

**Asbury Family Center**
444 N. 26th St.
San Jose, CA 95116
(408) 293-2050
(408) 293-1984

**Thrift Store**
2127 S. Winchester Blvd.
Campbell, CA 95008
(408) 445-0661

**EASTBAY**

**Oakland Men's Center**
P.O. Box 5097
Oakland, CA 94605
(510) 562-1141
Fax: (510) 562-4035

**Thrift Store**
3437 Chestnut Ave.
Concord, CA 94518
(888) 339-3193

**NORTHERN NEVADA**

**Reno Adolescent Center**
P.O. Box 1136
Sparks, NV 89432
(775) 424-6777
Fax: (775) 424-3026

**SOUTHERN NEVADA**

**Las Vegas Outreach**
P.O. Box 13410
Las Vegas, NV 89112
(702) 314-1300

**REDWOOD**

**Men's Center**
P.O. Box 2595
McKinleyville, CA 95519
(707) 268-0614
Fax: (707) 268-0612

**Women's Center**
1435 7th Street
Eureka, CA 95501
(707) 268-0614
Fax: (707) 268-0612

♦ - *REFERENCE: EAST BAY TEEN CHALLENGE*

Attn: ICE Detention Center

    This letter is to certify that as of August 20, 2007 Mr. Antonio F. Silveyra has been accepted as a student resident at Teen Challenge East Bay at 2221 90th Ave., Oakland, CA 94603.

    Teen Challenge is at least a one year *live-in* Christian Discipleship Program with an eighteen month commitment to graduate; this Program includes a six month internship either with us or back in the community. While here he will be expected to fully participate in the Anger Management classes, and other curriculum and adivisory assignments.

    The Program helps individuals in drugs, alcohol, and in other life controlling problems. It helps the whole person in spiritual, emotional, physical, social and educational perspectives with a total environmental approach.

    Should you have any further question please feel free to contact me or my staff at (510) 562 -1141.

Sincerely,

*Kenneth Spencer*

Kenneth Spencer
Intake Coordinator
P.O. Box 5097
Oakland, CA 94603

*cc/file*

**RUIZ & SPEROW, LLP**

CELIA M. RUIZ
JANICE L. SPEROW
MARY ANN BERNARD
AMY R. LEVINE
MARION L. McWILLIAMS
EDWARD A. HOLTZ
ALISON C. NEUFELD
DAMARA MOORE
SARAH DANIELS - LAW CLERK

WATERGATE TOWER III
2000 POWELL STREET, SUITE 1655
EMERYVILLE, CA 94608
(510) 594-7980
FAX (510) 594-7988
http://www.ruizlaw.com
E-MAIL: RUIZLAW@RUIZLAW.COM

4305 BEVERLY DRIVE
LA MESA CA 91941-7818
(619) 741-7593
FAX (619)741-7594

OUR FILE NUMBER:
9300

June 10, 2003

Re: *Antonio Silveyra*

To Whom It May Concern:

It is with great pleasure that I write this letter of recommendation on behalf of Antonio Silveyra. Mr. Silveyra began working for our law firm as a part-time file clerk in the Fall of 1994. He was attending San Francisco State University at the time. I was impressed with his energy, dedication and organizational skills. He was always punctual and responsive and had a tremendously positive attitude toward work. He always would volunteer to take on additional responsibilities and worked incredibly well under pressure. At the time he began work with our office, we had a number of difficult matters in litigation, and the attorneys in our office were working under intense pressure. Some were especially difficult to work with. Antonio would not only be willing to put in extra hours but his affable personality was such that not only did he defuse some of the tension related to the pressure of litigation, but he worked incredibly well with all the personalities in the office. He has exceptional people skills. I was also most impressed with his willingness to work well beyond his part time schedule despite his heavy academic course workload.

It was because of his stellar performance and exceptional work product, that Antonio was quickly promoted to full time status and given both file clerk and paralegal responsibilities. He worked for the law firm in this capacity from 1994 until 2000, when he left the law firm to pursue other interests. During his tenure with us, he was responsible for overseeing all files in the office. His responsibilities were sending and receiving faxes, opening new files, creating and maintaining indexes and working with attorneys in making sure that the files were up to date and well organized and copying and creating document summaries and chronologies. He did an exceptional job and we never had difficulties finding documents. In fact, we have not had a file clerk since him that has had the same mastery of the files. Mr. Silveyra also would do computer research, draft letters, memos and deposition summaries. His work product was always exemplary, thorough and useful.

Overall, Mr. Silveyra was a great member of the team and a great asset. I strongly recommend him and I am available to talk to and answer any questions that you may have.

Very truly yours,

**Ruiz & Sperow, LLP**

Celia M. Ruiz

S:\CompanyData\WPDOCS\NON-BILL\9301\reference fabian 051903.wpd

October 19, 2007

Piero Omelas-Infante
1821 Delawre Street
Berkeley, Ca. 94703
510) 435-6193

Dear Mr. Espanoza,

My name is Piero Omelas-Infante.
I am a lifelong friend and associate of Fabian Silveyra, wife Sabrina and his daughters and family.
Fabian has established lifelong ties to the Berkeley community, and over the years has
participated in many benefit causes in his youth, promoting cultural awareness and respect for the
Hispanic community in Berkeley.
It was with shock that I discovered he was a candidate for deportment from the United States, due
to some nonviolent criminal charges. I cannot say how much this would adversly affect his family.
Not to mention his three daughters who are all in the most crucial stages of their developments.
Scenarios like the loss of a Father, as you know, are the root causes of females having low self
esteem, and numerous problems. I am sure you see the effects of these problems on a daily
basis. I do not feel the need to lecture you in any way regarding the importance of family in the
development of children. I have known Fabian as a fellow member of a 12 step group in good
standing for several years. Like most of us, he is human and obviously in a state of upheaval in
his personal and spiritual life. I do not use this word lightly. This, aside from being an official
United States government matter, is a decidedly spiritual matter. For it questions the sentiment
freedom of a person who has lived here for four decades. And, it is a spiritual matter because we,
the people, look to you, our officials, to make prudent and informed decisions regarding the
liberties of us and our children.
I ask you to consider Fabian's lifelong ties: family, friends, history, and problems before summarily
deporting him to a country, that while being his place of birth, is not his home.
His home is here with us, where we can assist him and help guide him through this difficult period
in his life.
If he is deported, you will in effect have senenced his daughters to a fatherless life, and him to a
life without his family.
I am not entirely aware of his legal technicalities surrounding this case, but I can tell you what I
know of him:
1. He is thoroughly a non-violent individual.
2. He is loved by all who know him.
3. He is in total awreness of his problems and has been trying to better himself in numerous ways
for years.
4. He is the kind of person who contributes to society, friends and 12 step programs.
I am making a formal and also spiritual request that you take these factors into consideration
before proceeding with an action that will devastate the lives of many, and take this man in trouble
so far from the help he needs that it could cause irreparable damage to all involved.
I trust in your understanding of human affairs, and your fair mind, to see this situation through in
abalanced way.
I am available at any time to discuss this, if you should so desire.
I thank you for your time and of your service,
Piero Omelas-Infante



# MELODY ERMACHILD
### Private Investigator

P.O. Box 7116    BERKELEY, CA 94707-0116
Telephone: (510) 887-8567 FAX: (510) 524-6017
e-mail: melodyermachild@comcast.net

California State License #s 9849, 14513 and 23648

August 11, 2007

The Honorable Dennis R. James
Judge of the Immigration Court
2409 La Brucherie Road
Imperial, CA 92251

Re: Antonio Fabiano Silveyra-Garcia
AO18499789, M22

Dear Judge James,

I am writing to you on behalf of my former son-in-law, Antonio.

I first met Antonio, whom we in our family call "Fabian", in 1980 when he and our daughter Kristin dated while both attending Berkeley High School. They married in 1995 in the St. Joseph The Worker Church in Berkeley, and had our darling granddaughter, Leila Silveyra, who is now nearly 12 years old.

I have known Fabian for 27 years. Towards me, he has always been respectful, polite and helpful. I know he is devoted to my granddaughter. Fabian is kind-hearted, intelligent, and gentle.

Sadly, Fabian's road has been a rocky one. He has had very good jobs and worked diligently when he was clean and sober. In fact, when he and our daughter married, he was working for a prominent San Francisco law firm in office services. My husband and I met his employer at our daughter's wedding. Fabian and Kristin had attended Catholic pre-marital counseling, and everything seemed on track for them to have a successful life together. My husband and I knew that he had had a history of struggling with substance abuse. We discussed this with Fabian's own mother and sister, and all of us had high hopes that he would succeed in staying sober and have a good marriage and a good life with our daughter.

It has been tragic to witness Fabian's struggle with drugs. He has so much potential as a man, a father, a worker. His problem is, in our view, a medical one, that needs treatment. In spite of his addiction, and the property crimes it drove him to, Fabian has never been violent or even mean to anyone in our family.

In all the 27 years I have known Fabian, it never once occurred to me to think that he may not be an American citizen. I know his mother brought him to the United States as a little boy. My husband and I know he should have taken care of becoming a legal resident and a citizen years ago, but the potential punishment for not doing so – deportation – is incredibly harsh for someone who has no memory of living anywhere but California.

I am shocked at the prospect of Fabian's being thrown into Argentine society, knowing no one. I know he does not speak Spanish fluently. I am afraid he will never obtain the treatment for addiction he needs in Argentina. I fear that somehow this will be a death sentence for him.

Under our system of laws, Fabian has served his sentence. He has been punished for his crimes and he needs another chance to stay clean and sober. We all know that recovery from addiction is medically complex and often takes several attempts. If allowed to stay in the U.S., I am sure his first act will be to apply to obtain legal status. If he is allowed to stay, also, he will have the support of his large family, who also need his support.

My primary concern is the effect on our granddaughter Leila, who is innocent, of her Daddy being taken away from her in this frightening way. She has already endured his absence for three years of prison. If he is deported to Argentina, she may never see him again, since it is so far away and expensive to get to. For three years, she has waited for him to come home. Her life has been focused on his frequent letters and calls. Since he has been in the detention center, she sent him some of her own allowance money to buy a phone card to talk with her.

Please return Fabian to our family and community if it is in your power to do so.


Yours respectfully,

Melody Ermachild

JIM HEDEN
SENIOR PASTOR

August 31, 2007

Antonio F. Silveyra
ICE Detention Center
1115 N. Imperial Avenue
El Centro, CA 91143

Dear Tony,

I received your letter requesting a recommendation. What a surprise to hear from you after all these years. I can certainly vouch for the historical facts of your attendance at Hilltop Community Church and your participation in Bible Studies and Softball Tournaments.

I would have a difficult time speaking to any of the current events in your life for I am unfamiliar except for what you have told me.

I am sorry to hear about all the difficulties that you have experienced and I will pray for you and your family.

Sincerely,

Rev. Jim Heden
Senior Pastor
Hilltop Community Church

HILLTOP COMMUNITY CHURCH

3118 SHANE DRIVE    RICHMOND, CALIFORNIA 94806    (510) 223-2431    FAX (510) 223-2451

Honorable Immigration Judge:

My name is Michael Olson. I am 36 years old and was born in the United States. I have been employed at Hertz Equipment Rental in Berkeley, California for the past 9 years. I am writing on behalf of Antonio F. Silveyra.

I have known Antonio for 3+ years. During that time I have witnessed his relationship with his children. He certainly demonstrates his love for his daughters. He really is an adoring father to the girls and anyone can see how much all of them love their Daddy. This past year has been very difficult for the girls. I cannot imagine what their lives would be like if their father was deported.

I realize Antonio has made mistakes in his life, but I honestly believe that deportation would only add to the mistakes in his life. I have been able to keep in contact with him during this past year of his incarceration and I know that Antonio wants to get his life back as it was.

He has been employed at law firms here in the Bay Area and is a productive member of the community. I have seen the hardship his incarceration has caused his family (mother, sister and children). Deporting him will effect not one, but everyone in his family. His children need a active father in their lives again. In times when most men are not involved with their children, it is refreshing to see a man choose to be a part of his children's lives. I can truly relate to that as I am a single father of two who depend on me also. Deporting Antonio would only cause his children to be supported by government assistance. Antonio is able to provide emotional and financial support for his family and I believe he deserves the chance to do so.

Thank you for your consideration in this matter.

Sincerely,

Michael Olson

October 9,2007

Sabrina K. Shaw
2020 Clinton Avenue unit A
Alameda, Ca. 94501
510)814-1090/ 209)996-6881

Dear Mr. Espanoza,

I am writing you this letter in hopes that you will see clarity in the case of Antonio F. Silveyra. It is apparent that there is stagnation in the understanding of his legal right to live in the United States and he is unable to prove this to the judge.

Mr. Silveyra has shown many documents pertaining to his foundation of family, loved ones, and children, as well as his living here for 40 years, attending college and being a responsible member of society; ie: working and paying taxes.

It is my understanding that Mr. Silveyra committed a crime and I am not belittling that by any means, yet he served his time and now his time in your facility is useless. As his fiancée(and partner of nine years), the mother of his six year old and the stepmom to his 12 year old and him as the stepfather of my 10 year old, all girls, without a father in their life, we need him to come home. After making the 9 hour drive to your facility with the children and his mother and seeing his lockdown environment, I would much rather you be spending my tax dollars on putting people that are on MEGAN'S list in there. People that I, as a mother (who is struggling financially, emotionally and spiritually) that cannot let my girls walk 2 blocks to school because of people that commit horrible crimes, not this. I am appauled at the injustice and hard hearts of our system. The politics are disgusting. It is a shame the state of our country. I have neighbors that are from all walks of life, all nationalities. I see more and more that this country wants immigrants from other countries for political and financial reasons. Our forefathers built our country on immigrants. Yet it seems to be a catch 22, because they come here and then we treat them poorly. Yet in Fabian's case he has been here and has a life and all of his family, not in Argentina. It is a sad state when we cannot see the people, who really helped to build this country, our country which I am fully supportive of. I was raised in Texas and yes it is quite different there. We were taught to be very proud, and yes, I even voted for Bush, and now I can only hang my head in disgrace at the decisions of war etc, which I could go on and on about. But, I won't. What I will do is PRAY. I will pray for you and the Judge to realize that this is all a complete waste of time. I somewhat realize that your job must be very difficult and every case is special and that every family person wants their loved one to come home. I see that to you it is only a job, and I do not envy your position. Quite frankly, I do not know what all you have to know or see or how you base your decision, all I can do is speak, and I am doing this from my heart and for the hearts of small children who need their Father. I do know that whatever decision you will make it will be the right one, because I have turned it over to God, that it be his will, not yours and not mine. I appreciate your time. Mr. Espanoza. Sincerely,

Sabrina Shaw

October 14, 2007

Jeffrey Bovie
37 Ronada Avenue
Oakland, Ca. 94611
510) 326-3325

Dear Mr. Espanoza,

I am writing this letter on behalf of Fabian Silveyra to express my support for his release back into the community. I have known Fabian for 20 years. We both had headed down stray paths in our lives, however; 12 years ago I made a decision to change my life. Fabian had also made attempts during that time to achieve recovery, and I have always been there to support him and his family. Sometimes the disease of addiction has many turns and we are unable to get it right away. Through talking with his family members I truly believe that Fabian has fully surrendered to this process and is ready to embrace the responsibilities to himself and his family. I know that Fabian has achieved higher education and is fully responsible to become a repspectable and productive member of society. When you release Fabian to come home to his family, I will be there to help construct the foundation of recovery.
Your time and consideration in this matter is greatly appreciated,
Sincerely,

10.15.07

Jeffrey Bovie

October 10, 2007

Re: Fabian Silveyra.

To: Mr. Espinoza.

     Dear Mr. Espinoza, I have been a member of the Berkeley fellowship of Narcotics Anonymous since July of 1994. I know Mr. Silveyra personally and can assure you that if he is released he has a large contingent of fellow NA members, of which I am one, who are willing to support him in his efforts to stay clean and better his life. Given a second chance I believe Mr. Silveyra will be able to change for the better.
     If you want to ask any questions I can be reached at the address and telephone number that appear at the bottom of this letter. I thank you for your consideration in this matter.

Respectfully,

Curtis V. Conrad

1080 San Miguel Rd. #40
Concord, CA. 94518

510-301-02146

October 16, 2007

Attention Mr. Espanoza
Re: Fabian (Antonio) Silveyra

Dear Mr. Espanoza:

I write this letter on behalf of Mr. Silveyra. I have been a personal friend to him and his family for the past six years. I have known him as a recovering addict, involving himself in a supportive and positive community. With the support of myself and many others, I have faith that he will succeed in his efforts to live a sober life.

Sincerely,

Vincent Minelli
(510)910-4451

October 15, 2007

Carl Rayfield
415 Foothill Blvd. #3
Oakland, Ca. 94606
510)295-9960


Dear Mr. Espanoza,

I have known Fabian Silveyra for nine years and I know him to be a really good person. I have
been in Recovery for 12 years and am here to support Fabian in any way that I can and to be his
friend.
Your time is appreciated,
Sincerely,


Carl Rayfield

*Carl Rayfield*

## PETITION BY WESTBRAE COMMUNITY MEMBERS IN SUPPORT OF ANTONIO F. SILVEYRA'S MOTION TO VACATE ON GROUNDS OF INEFFECTIVE ASSISTANCE OF COUNSEL

The undersigned hereby declare that Mr. Antonio F. Silveyra and his family have been members of our Westbrae Community in Berkeley, California for over 30 years. It is our experience that Mr. Silveyra is an honest and caring neighbor, friend and devoted father. Mr. Silveyra **is not** considered a threat to our community and we look forward to him returning to the area upon his release from Immigration detention.

| NAME | ADDRESS | SIGNATURE |
|------|---------|-----------|
| Anthony Golden | 1225 Masonic Ave | *Anthony Golden* |
| Fred Patrick | 1206 Evelyn Ave. | *F.P.* |
| Wice Patrick | 1206 Evelyn | *WP* |
| Darryl Patrick | 1206 Evelyn H | *D.P.* |
| C. Patrick | | *C.P.* |
| Cynthia Woo | 1622 4th Street | *Cynthia W* |
| Jose Garcia | 1435 Neilson | *J. Garcia* |
| Domingo Garcia | 1435 Neilson st | *Domingo A. Garcia* |
| Mary Allen | 1131 Evelyn ave | *Mary Allen* |
| Anna Allen | 1131 evelyn | *Anna Allen* |
| Michael Blakely | 1131 Evelyn Ave | *Michael Blakely* |

DATED: November 21, 2007

1.

### PETITION SIGNED BY THE RECOVERY COMMUNITY
### MEMBERS IN SUPPORT OF MOTION TO VACATE ON GROUNDS
### OF INEFFECTIVE ASSISTANCE OF COUNSEL

The undersigned hereby declare that Mr. Antonio F. Silveyra and his family has been a member of our Berkeley NA Fellowship for over 8 years. Mr. Silveyra has been committed to Hospitals and Institutions service. Our members who actively participate in H&I service are very important resources in our Fellowship. The purpose of an H&I meeting is to carry the message of recovery to addicts who do not have full access to regular NA meetings. Mr. Silveyra also has committed his time to making coffee at regular meetings and sponsorship of newcomers. Mr. Silveyra **is not** a threat to our fellowship and recovery and we look forward to him returning so we can provide the love and support he needs to continue his successful recovery.

| NAME | ADDRESS | SIGNATURE |
|------|---------|-----------|
| Daniel Della Ripa | | |
| Vincent Minelli | | |
| JEFFERY RUIZ | | |
| John MAGRO | | |
| TINA NOREN | | |
| Raquel Chiasson | | |
| M___ C___ | | |
| Kim Dedrick | | |
| Mike Lederle | | |
| SABRINA SHAW | | |

**DATED:**

11/21/07

1

Falriar

How you doing? I hear you're having a difficult time right now. Any way wanted to drop you a few lines, and say hi. I would like to give you my address and phone number So how have been? I'm not to good at writing letters, but I wanted to let you know, that I'm here for you If you need any thing. Any write back.

Carl Rayfield
1947 Van Ness
San Pablo Ca. 94807
#
510-295-9960



Blaise G.
(512) 291-0085

Fabian —

Hope you're
well dude. Went
to the sponsors/
sponsee dinner &
thought of you.
Give me a shout
bro. I live in
Austin TX. 5

Blaise

W___ ___ ___ ___ ___ Here 10 ___ ___ !
back in The Bay in The very near future!
if you need Someone to talk to feel free
To call me at 810-326-3325 Stay strong
I know that you will be with your family
Soon. Can'T Wait To Play ball with you
on The Berkeley Bauerz hang out and
drink coffee & eat Some fine food
Till Then Take care

Jeff Bovie
10·15·07