KAREN P. HEWITT
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 94918
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7119
Facsimile:   (619) 557-5004

Attorneys for Respondent
U.S. Secretary of Homeland Security

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO F. SILVEYRA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security,<br><br>　　　　Real Party In Interest. | Case No. 08cv0018 H (NLS)<br><br>RETURN TO PETITION FOR WRIT OF HABEAS CORPUS BY THE U.S. SECRETARY OF HOMELAND SECURITY |

I

INTRODUCTION

Petitioner Silveyra, who is in the physical custody of the U.S. Department of Homeland Security ("DHS"), has been ordered removed by the Immigration Judge ("IJ") and is now pending appeal before the Board of Immigration Appeals ("BIA"). By this habeas action, he challenges the lawfulness of his DHS custody by attacking his underlying November 2005 criminal conviction for possession of a stolen vehicle, alleging ineffective assistance of counsel. His Petition should be denied because he has failed to exhaust administrative remedies, he may not challenge his removal order by

collaterally attacking his underlying conviction, and even if the November 2005 conviction were vacated, Silveyra would remain deportable on the basis of his July 2005 controlled substance conviction.

II

STATEMENT OF FACTS

Silveyra is a native and citizen of Argentina. [Exs. 1, 2, 7.][1] On August 31, 1968, he was admitted to the United States for lawful permanent residence. [Exs. 1, 2.] On July 21, 2005, he was convicted of the crime of possession of drug paraphernalia. [Ex. 6.] On November 22, 2005, he was convicted of the crime of possession of a stolen vehicle and sentenced to three years in prison. [Exs. 1,2; Pet., para. 3.]

On April 26, 2007, Immigration and Customs Enforcement ("ICE") placed Silveyra in removal proceedings, charging him with deportability on the basis of the November 2005 conviction. [Exs. 2-3.] On May 11, 2007, he was taken into custody by ICE. [Ex. 2; Pet., para. 3.h.] On July 30, 2007, ICE lodged an additional charge of deportability on the basis of Silveyra's July 2005 controlled substance conviction. [Ex. 6.]

On January 2, 2008, pending removal proceedings, Silveyra commenced these habeas proceedings. On January 9, 2008, the IJ ordered Silveyra removed to Argentina. [Ex. 7.] On January 24, 2008, Silveyra appealed to the BIA where his appeal remains pending.[2]

///
///
///

---

[1]   "Ex." refers to the accompanying true copy of documents located in Silveyra's DHS administrative "A-File," No. A18 499 789.

[2]   The status of Silveyra's administrative removal proceedings is available at the automated information system of the Executive Office for Immigration Review, telephone number 800-898-7180. On March 7, 2008, ICE filed its responsive brief. Silveyra's reply brief is due on April 13, 2008.

III

ARGUMENT

By this action, Silveyra challenges the lawfulness of his ICE custody by attacking his November 2005 state court conviction for possession of a stolen vehicle. The Petition should be denied because Silveyra has not exhausted his administrative remedies, and it is well-settled law that Silveyra may not collaterally attack his removal order through habeas proceedings. Furthermore, Silveyra's Petition is moot, because he remains deportable due to his July 2005 controlled substance conviction, and he is not challenging that conviction.

A.   FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Because removal proceedings are still pending before the BIA, Silveyra has not exhausted his administrative remedies. The IJ ordered him removed from the United States to Argentina, but his administrative appeal is still pending before the BIA. See 8 C.F.R. §§ 1003.1(b), 1003.38, 240.15. Under current Ninth Circuit law, the failure to exhaust remedies in removal proceedings before seeking habeas relief is a prudential, not a jurisdictional, matter. See Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001) (although Section 2241 does not explicitly require exhaustion[3], as a prudential matter the Ninth Circuit requires habeas petitioners to exhaust available judicial and administrative remedies before seeking relief under Section 2241). Also, the REAL ID Act does not preclude habeas review of an IJ's order of removal when it is not yet final. See 8 C.F.R. § 1003.39 ("the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first").

///
///
///

---

[3]   Exhaustion of administrative remedies is a jurisdictional prerequisite only when required by federal statute. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993) (exhaustion requirement of Federal Tort Claims Act is jurisdictional and may not be waived); Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992) (same).

However, the Ninth Circuit, which has <u>sole</u> review authority over final orders of removal, will not consider an interim challenge. <u>See</u> <u>Ontiveros-Lopez v. INS</u>, 213 F.3d at 1124 (9th Cir. 2000) (on direct appeal, "[we] require an alien who argues ineffective assistance' of counsel to exhaust his administrative remedies by first presenting the issue to the BIA"). <u>See also</u> <u>Acevedo-Carranza v. Ashcroft</u>, 371 F.3d 539, 543 (9th Cir. 2004) (district court correctly exercised it discretion to dismiss the petition for Acevedo-Carranza's failure to exhaust his judicial remedies for the claim set forth in his habeas petition); <u>Rojas-Garcia v. Ashcroft</u>, 339 F.3d 814, 819 (9th Cir. 2003) ("petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal") (citing <u>Liu v. Waters</u>, 55 F.3d 421, 424 (9th Cir. 1995)).

Likewise, this Court, should not consider an interim challenge, especially given that it has <u>no</u> review authority over final orders of removal. <u>See</u> 8 U.S.C. § 1252(a), as amended by the REAL ID Act;[4/] <u>Alvarez-Barajas v. Gonzales</u>, 418 F.3d 1050, 1053 (9th Cir. 2005) ("the Act makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal").

B. SILVEYRA MAY NOT CHALLENGE A REMOVAL ORDER BY COLLATERALLY ATTACKING UNDERLYING CONVICTION

Silveyra is challenging the lawfulness of his ICE custody by attacking his November 2005 conviction. However, it is well-settled law that, except for <u>Gideon</u>[5/] claims, an alien may not challenge a removal order in habeas proceedings by collaterally attacking the underlying state court conviction. <u>Contreras v. Schiltgen</u>, 122 F.3d 30, 33 (9th Cir. 1997) ("<u>Contereras I</u>") ("Contreras may not collaterally attack his state court conviction in a habeas proceeding against the INS"), and <u>Contreras v. Schiltgen</u>, 151 F.3d 906 (9th Cir. 1998) ("<u>Contreras II</u>") ("We conclude that we reached the correct

---

[4/] The REAL ID Act refers to Division B of the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub. L. No. 109-13, 119 Stat. 231.

[5/] Gideon v. Wainwright, 372 U.S. 335 (1963).

result in this case the first time, and we need not consider the effect of the intervening congressional enactment of the Illegal Immigration Reform and Immigrant Responsibility Act").

> [W]e must hold that when a habeas petition attacks the use of a prior conviction as a basis for INS [DHS] custody, and the prior sentence has expired, federal habeas review is limited. When the federal proceeding is governed by statutes that limit inquiry to the fact of conviction, there can be no collateral review of the validity of the underlying conviction except for Gideon claims.

Contreras II, 151 F.3d at 908.

It is also well-settled law that, to state a Gideon claim, the petitioner must claim that he was denied representation, not merely that his attorney committed error. See United States v. Fry, 322 F.3d 1198 (9th Cir. 2003) ("counsel's failure to advise a defendant of collateral immigration consequences of the criminal process does not violate the Sixth Amendment right to effective assistance of counsel"). In Custis v. United States, 511 U.S. 485 (1994), as in this case, the petitioner claimed that he had been denied effective assistance of counsel. The Court held that such a claim could not be pursued in the sentencing proceeding at which the challenged sentence-enhancing conviction was to be considered, explaining that such an alleged constitutional violation does not rise "to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." Id. at 496. See also United States v. Martinez-Martinez, 295 F.3d 1041 (9th Cir. 2002):

> The Supreme Court extended Custis to 28 U.S.C. § 2255 motions attacking sentences in [Daniels v. United States, 532 U.S. 374, 382 (2001) (affirming 195 F.3d 501 (9th Cir. 1999)]. In Daniels, the petitioner argued that Custis was limited to challenges at sentencing and, therefore, did not apply to a § 2255 proceeding. Id. at 380, 121 S.Ct. 1578. The Court disagreed, finding that <u>the concerns raised in Custis regarding ease of administration and interest in promoting the finality of judgments extend to § 2255 petitions</u>. Id. at 381-82, 121 S.Ct. 1578.

Id. at 1045 (emphasis added).

In this action, Silveyra is complaining only of attorney error, so he has not stated a Gideon claim. His Petition should therefore be dismissed or denied.

### C. THE PETITION SHOULD BE DENIED AS MOOT

To the extent that Silveyra challenges the lawfulness of his custody by attacking his November 2005 conviction for possession of a stolen vehicle, his Petition is moot and his efforts are futile. Even if the conviction were vacated, the final order of removal would stand. Silveyra was charged with two grounds of deportability. [Exs. 2, 6.] The second ground of deportability was based upon the July 2005 controlled substance conviction, and Silveyra has not challenged that conviction. Therefore, even if Silveyra were successful in challenging his November 2005 conviction for possession of a stolen vehicle, he would remain deportable under the second charge of deportability. See 8 U.S.C. § 1227(a)(2)(B)(i). Therefore, Silveyra's Petition is moot. See also United States v. General Motors Corp., 234 F. Supp. 85 S.D. Cal. 1964) ("A court of equity does not do a useless act").

## IV
## CONCLUSION

For the reasons set forth above, the Petition should be dismissed or denied.

DATED: March 14, 2008

        Respectfully submitted,

        KAREN P. HEWITT
        United States Attorney

        s/ *Samuel W. Bettwy*

        SAMUEL W. BETTWY
        Assistant United States Attorney

        Attorneys for Federal Respondent
        Secretary of Homeland Security