**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO F. SILVEYRA,<br><br>                        Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                        Respondent.<br>_____<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security,<br><br>                        Real party in interest. | CASE NO. 08-CV-0018 H (NLS)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

On January 2, 2008, Antonio F. Silveyra ("Petitioner"), a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1.) Although Petitioner named the People of the State of California as Respondent, since Petitioner is in federal custody the Secretary of Homeland Security is the real party in interest. On March 14, 2008, the Secretary ("Respondent") filed a return to Petitioner's petition. (Doc. No. 7.) Petitioner has not filed a reply, although the April 11, 2008, deadline for doing so has passed. (See Doc. No. 6.) For the following reasons, the Court denies the petition.

## Background

Petitioner is a native and citizen of Argentina. (See Respondent's Return to Petition ("Return"), Ex. 1.) On August 31, 1968, he was admitted to the United States for lawful permanent residence. (Return, Exs. 1, 2.) On November 22, 2005, Petitioner entered a plea of guilty in Superior Court of California, Marin County, to possession of a stolen vehicle in violation of California Penal Code § 496d(a). (Petition at 2; Return, Exs. 1-2; see Doc. No. 5.) Petitioner was sentenced to three years in prison. (Petition at 2.)

On April 26, 2007, Immigration and Customs Enforcement placed Petitioner in removal proceedings, charging him with deportability on the basis of the November 2005 conviction. (Return, Exs. 2-3.) On May 11, 2007, Petitioner was released from state prison and taken into custody by Immigration and Customs Enforcement. (Petition at 2; see Return, Ex. 2.) On July 30, 2007, Immigration and Customs Enforcement filed an additional charge of deportability on the basis of Petitioner's July 2005 conviction for possession of drug paraphernalia. (Return, Ex. 6.)

On January 9, 2008, the Immigration Judge ordered Petitioner removed to Argentina.[1] (Return, Ex. 7.) Petitioner appealed the order of removal to the Board of Immigration Appeals. As of March 14, 2008, that appeal remained pending. Accordingly, Petitioner has not exhausted his administrative remedies. However, in the context of removal proceedings failure to exhaust administrative remedies prior to seeking habeas relief is prudential, not jurisdictional. See Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001). Accordingly, the Court will address the merits of the petition.

## Discussion

Petitioner challenges his federal custody by attacking his November 2005 state court conviction for possession of a stolen vehicle. (Petition at 2.) Petitioner was represented in those proceedings by the Marin County Public Defender's Office. (Petition

---

[1] Since Petitioner filed his petition seven days earlier, the Court construes the petition as a challenge to Petitioner's ongoing detention, not a final order of removal. See Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (2005) (Court of Appeals "sole judicial body able to review challenges to final orders of deportation, exclusion or removal").

1  at 2; see Doc. No. 5.) Petitioner alleges that his lawyer rendered ineffective assistance of
2  counsel by failing to investigate and advise Petitioner regarding the immigration
3  consequences that could stem from his conviction. (Petition at 3.)

4      A deportable alien may not collaterally attack a state court conviction in habeas
5  proceedings. See Contreras v. Schiltgen, 122 F.3d 30, 33 (9th Cir. 1997) ("Contreras I");
6  Contreras v. Schiltgen, 151 F.3d 906, 908 (9th Cir. 1998) ("Contreras II"). The only
7  exception to this rule is that a deportable alien in federal custody may collaterally attack an
8  underlying state court conviction by presenting a claim under Gideon v. Wainwright, 372
9  U.S. 335 (1963). See Contreras II, 151 F.3d at 908. However, to state a Gideon claim
10  eligible for this exception a petitioner must do more than assert that his attorney committed
11  error; the petitioner must claim that he was denied representation. See United States v. Fry,
12  322 F.3d 1198 (9th Cir. 2003) ("counsel's failure to advise a defendant of collateral
13  immigration consequences of the criminal process does not violate the Sixth Amendment
14  right to effective assistance of counsel").

15      The Court concludes that Petitioner may not attack the validity of his 2005 state
16  court conviction in this habeas petition. Petitioner was represented by counsel in those
17  proceedings. In this petition, there is no claim that he was innocent of the 2005 charge, nor
18  is there a showing that he was denied representation. The Court concludes that Petitioner
19  does not allege Gideon error or other cognizable claims. Accordingly, the Court denies the
20  petition.

21  IT IS SO ORDERED.
22  DATED: April 29, 2008

                                      _____
                                      MARILYN L. HUFF, District Judge
                                      UNITED STATES DISTRICT COURT

26  COPIES TO:
27  All parties of record.